## Case No. 7,568.

### JUDSON v. MACON COUNTY.

[2 Dill. 213.][1]

Circuit Court, W. D. Missouri. June 1, 1872.

JURISDICTION OF CIRCUIT COURT—AMOUNT IN DECLARATION.

1. To give the circuit court jurisdiction, the matter in dispute must exceed $500, and the amount in dispute is what is claimed in all the counts in the declaration upon causes of action which are properly joined, and not what is claimed in any one count.

[Cited in Culver v. Crawford Co., Case No. 3,468; Hammond v. Cleaveland, 23 Fed. 3.]

2. There is nothing in the act of June 1, 1872 (17 Stat. 197, § 5), or in the statutes of Missouri, so far as applicable to the circuit court, to change the above rule. Hence a declaration with eleven counts, each count being upon a distinct coupon for $50, shows a case, as to amount, within the jurisdiction of the circuit court.

This is an action by the plaintiff, a citizen of New York, against Macon county in this state, upon eleven coupons of $50 each. The petition contains eleven counts, that is, a count upon each coupon, and each count asks for judgment for $50 and interest. The petition concludes as follows: "That the several preceding causes of action amount in all to the sum of $550, for which sum, with interest and damages, the plaintiff asks judgment." To this petition the defendant demurs, on the

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

ground that the amount sued for is below the jurisdiction of the court.

Carr & Barrow, for the demurrer.
John D. Stevenson, opposed.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. As to the amount necessary to give this court jurisdiction in cases like the present, the provision of the judiciary act (section 11) is that "the matter in dispute, exclusive of costs, must exceed the sum or value of $500." As it is clear that all of the coupons are properly suable in the same action, and as the aggregate amount of these coupons exceeds $500, it would seem quite obvious that the objection taken to the jurisdiction is not tenable. The argument urged to support the objection is this: By the act of congress of June 1, 1872 (17 Stat. 197, § 5), the "mode of proceedings" in this court is required to be conformed, as nearly as practicable, to the practice of the state court, and by the statute of the state, while several causes of action on contract may be united in the same petition, yet "each cause of action must be separately stated with the relief sought for each." Wag. St. 1012, § 2.

It is contended, under this statute, that as each coupon is a separate cause of action, and must, as such, be separately stated, and that as each coupon is below $500, and as under the practice in the state court, settled by the decisions of the supreme court, there must be a separate finding as to each cause of action (36 Mo. 110; Id. 215), the matter in dispute is the amount of each coupon, and no more. The premises do not warrant the deduction sought to be drawn from them. The act of June 1, 1872, does not affect or modify the eleventh section of the judiciary act respecting the amount necessary to give this court jurisdiction; and since it is admitted that suit upon all the coupons was properly brought, and as the amount claimed upon all exceeds $500, it is plain to a demonstration that the matter in controversy is the amount claimed upon all, and not upon any one coupon. The demurrer to the petition is overruled. Judgment accordingly.

As to amount necessary to give jurisdiction, King v. Wilson [Case No. 7,810]; bill by taxpayers to enjoin illegal tax. Adams v. Douglas Co. [Id. 52]. Construction of act of June 1, 1872, Schwabacker v. Reilly [Case No. 12,501]; Bronson v. Keokuk [Id. 1,928]. Coupons, how declared on, Chicago, B. & Q. R. Co. v. Otoe Co. [Id. 2,667], and cases cited. While it is not necessary to set out the bonds or their recitals, it is often advantageous to do so in declaring on the coupons. In Clarke v. Janesville [Id. 2,854], it was held that assumpsit would not lie on coupons.