# CASES

## ARGUED AND DETERMINED

IN THE

# United States Circuit and District Courts.

---

## HAMMOND v. CLEAVELAND.

*(Circuit Court, D. Oregon. February 25, 1885.)*

1. SUIT BY AN ASSIGNEE IN THE NATIONAL COURTS.
    The clause in section 1 of the judiciary act of 1875 prohibiting the assignee of a non-negotiable contract from maintaining a suit thereon in the national courts, unless his assignor might have done so, has reference solely to the assignor's right to maintain such suit on account of his citizenship, and not to the amount of the claim or demand arising out of such contract.
2. SAME—MATTER IN DISPUTE THEREIN.
    An action may be maintained in the national courts where the sum or value of the matter in dispute, or money sought to be recovered therein, exceeds $500 in amount, although the complaint contained distinct demands or causes of action of less value than $500; and it is immaterial whether the plaintiff is the original owner of such demands or acquired them by assignment from such owner.

Action to Recover Money.

*Henry Ach*, for plaintiff.

*O. F. Paxton*, for defendant.

DEADY, J. This action is brought by the plaintiff, a citizen of California, against the defendant, a citizen of Oregon, to recover the sum of $3,093.36. The action is brought on three distinct demands or causes of action arising out of contract, which, by section 91 of the Oregon Code of Civil Procedure may be united in one complaint. The first demand is for $1,136.85, the agreed price of goods sold to the defendant by the plaintiff; the second one is for $1,648, the agreed price of goods sold to the defendant by the firm of Greenbaum, Sachs & Freeman, citizens of California, and by the latter assigned to the plaintiff; and the third one is for $308.29, the agreed price of goods sold to the defendant by the firm of Murphy, Grant & Co., citizens of California, and by the latter assigned to the plaintiff; for the aggregate of which sums the plaintiff asks judgment. The defendant demurs to the statement containing the last cause of action, for that

v.23F,no.1—1

"the court has no jurisdiction of the matter thereof." On the argument of the demurrer, counsel for the defendant cited and relied on the clause of section 1 of the judiciary act of 1875 (18 St. 470) which reads:

"Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law-merchant, and bills of exchange."

The exposition of this clause, by counsel for the defendant, is to the effect that, as the assignor could not have maintained a suit on the contract in question to enforce the payment of a sum less than $500, therefore the plaintiff cannot as assignee thereof. And it must be admitted that the proposition is not without plausibility. But, in construing this restriction on the assignee's right to sue, reference must be had to the manifest aim and object of the provision. The jurisdiction of this court, so far as the same depends on the amount in controversy, is prescribed by an earlier clause in the same section, which in effect limits such jurisdiction to cases where "the matter in dispute" exceeds the sum or value of $500. But the jurisdiction of the court may also depend on the citizenship of the parties to the suit, and the provision in question is intended to prevent a party to a non-negotiable contract, who cannot, for want of such citizenship, sue his debtor thereon in the national courts, from conferring such right upon a citizen of another state by an assignment of his demand to him. And, so far as this provision is concerned, it matters not what is the sum or value of "the matter in dispute."

The assignor of the contract upon which the third cause of action is founded appears to be a citizen of California. He might, therefore, so far as the question of citizenship is concerned, have prosecuted a suit on such contract in this court, and therefore his assignee may do so. Of course, no one can maintain a suit in this court on this demand alone. The value of it is not sufficient to give the court jurisdiction. But the plaintiff is also the owner of other demands against the defendant,—one in his own right and the other as assignee. As authorized by the Code, (section 91,) he has united these several demands or causes of action in the complaint in this action. And the only other question in the case is, what is the sum or value of "the matter in dispute" in this action? In considering this question, each item or demand in the complaint is not to be taken by itself, as if it were the subject of a separate action, but the sum of these items,—the aggregate value of the three distinct demands contained in the complaint, which constitute the subject of the action, and the amount sought to be recovered by it. The sum which a plaintiff seeks to recover in an action for money is the measure of the value of "the matter in dispute" therein between himself and the defendant. The right of the plaintiff to recover this sum is to be

contested and determined thereby, according to the established mode of procedure; and, so long as it exceeds $500 in amount, it is immaterial how or whence the plaintiff became the owner of the several items that may constitute or enter into this sum or demand. Indeed, cases may arise in which the assignee of a demand may maintain an action thereon in this court, so far as the value of "the matter in dispute" is concerned, when the assignor could not. For instance, where the demand bears interest, the sum due thereon at the time of the assignment may be less than $500; but when suit is brought on it by the assignee, the value of it may exceed $500. Of course, a collusive or pretended assignment of an item in the plaintiff's demand may be set up as a defense to a recovery thereon by the *pseudo* assignee. But when the transaction is *bona fide,* and the legal title is transferred to the assignee, he may maintain an action thereon in this court without reference to its value, provided that the whole sum sought to be recovered therein exceeds $500, and the citizenship of the assignor and defendant was such at the time of the assignment that a suit might have been maintained between them herein. See *Stanley* v. *Board of Sup'rs,* 15 FED. REP. 483; *Judson* v. *Macon Co.* 2 Dill. 213.

The demurrer is overruled.