BERNHEIM and others *v*. BIRNBAUM and another, Assignee.

(*Circuit Court, S. D. Georgia, E. D.* April 23, 1887.)

1. COURTS—JURISDICTIONAL AMOUNT—DISTINCT DEMANDS.
   Under the act of March 3, 1887, an action may be maintained in the United States circuit courts where the matter in dispute exceeds, exclusive of interest and costs, the sum and value of $2,000, although it is made up of distinct demands of less value than $2,000, and although the plaintiff may have acquired such demands by assignment.

2. SAME—FRAUDULENT CONVEYANCES—STATE STATUTE.
   Where a statute of a state provides that in the case of fraudulent assignments a court of competent jurisdiction is authorized to declare the assignment void, although the assignee is not shown to have notice of the fraud, the equity courts of the United States having jurisdiction can enforce rights under such statute. *Jaffrey v. Brown*, 29 Fed. Rep. 476, followed.

(*Syllabus by the Court.*)

In Equity.
*Garrard & Meldrim*, for plaintiffs.
*Chisholm & Erwin*, for defendants.

SPEER, J. This bill is brought by the complainants against the defendants, alleging this state of facts: The defendant Birnbaum carried on business in the city of Savannah. He was insolvent. He bought large quantities of goods on credit. A very short time preceding his

declaration of insolvency he kept on purchasing goods, making all these purchases without giving any premonition of his insolvency. Suddenly an assignment is made. Max Birnbaum is out of business, and the assignee is in possession of his stock of goods, a large amount of which is yet unpaid for, and on which Max has given some of his creditors, and one relative, to-wit, Fabian Birnbaum, his father, mortgages, covering all of the stock. The bill charges that this whole transaction is fraudulent; that Birnbaum bought the goods knowing that he was insolvent, and not intending to pay for them; that the assignee knew it. The mortgages and assignment are charged to be fraudulent, and the prayer is made that they be declared null and void; that the complainants, so far as they are able, may be allowed to identify the goods which have thus been fraudulently obtained from them, and to retake them, and that they have a general decree for the balance due them. The bill is demurred to on two general grounds:

*First.* That the act of March 3, 1887, deprives the court of jurisdiction. The language relied on by counsel is:

"Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action, in favor of any assignee, or of any subsequent holders, of such instrument payable to bearer, and not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

It is insisted that the complainants, Bernheim, Bauer & Co., added to their claim against the defendants an open account against him assigned to them by other parties, and then brought the bill for the whole amount, and that this is incompetent, because the assignor of the account could not have brought the suit, it being, alone, less than the jurisdictional limit. This is perhaps the first time since this important amendment to the laws conferring jurisdiction on the United States court was enacted that it has been necessary to construe it. The language of the act above referred to is ambiguous and involved to an unusual and remarkable extent, especially when its fundamental importance is considered.

The language, "unless such suit might have been prosecuted to recover said contents if no assignment or transfer had been made," can have no reference to the question of amount. That has been definitely provided for in the first section of the act. That provides where the matter in dispute exceeds, exclusive of interest and costs, the sum and value of $2,000, the court shall have jurisdiction. Is there any good reason why the matter in dispute cannot be composed of other claims, honestly acquired, which in themselves are less than the jurisdictional amount? None has been suggested in argument, nor has any occurred to the court; besides, it has been expressly held to be legitimate in *Hammond* v. *Cleaveland*, 23 Fed. Rep. 1. It is said that this decision was under the act of 1875, where the words "recover thereon," and not "recover the contents," are used. This is a distinction without a difference. Again, it is said that that decision was affected by a California statute providing for join-

ing claims, but a statute of like practice obtains in Georgia. Code, 3261. The language of the recent act existed substantially in the act of 1789, which has been repeatedly construed by the courts; and the decisions so construing lead the court to the conclusion that the question of citizenship is all that the language in question has reference to. The congress of the United States could not have intended to deny to a citizen the right of access to the United States courts where he had a matter in dispute amounting to more than $2,000, made up of choses in action of less amount than $2,000, provided, always, that these were honestly assigned to him and that the title passed. Besides, the claim of Sahlein & Co. is more than $2,000, and in itself would give the court jurisdiction.

*Secondly.* That there is no equity in the bill. It is difficult for the court to understand how counsel can seriously insist that there are no grounds in this bill for equitable interference. If the allegations of the bill are true, and they are admitted by the demurrer, it fairly bristles with grounds of equity. In a word, (if the bill is true,) it is an attempt on the part of Max Birnbaum to "break full-handed," in the expressive language of the day, to buy on credit with a full knowledge of his insolvency, to pile up goods amounting to thousands of dollars, to continue to buy to the moment of the assignment; and when the stock has become sufficiently large, without a premonition, the firm of Max Birnbaum collapses, and the goods he had bought are found in the hands of his assignee, or are covered with mortgages to his favored creditors. It is said that the mortgages were fraudulent, and the prayer is that the assignment, also alleged to be fraudulent, be declared null and void, and that the goods of complainants, capable of identification, be permitted to be retaken by them. It charges that the assignee has power to do as he pleases with the property and is selling it rapidly. The bill does not appear to be multifarious, and such bills have been repeatedly entertained, and this is a case which is peculiarly fitted for equitable jurisdiction. There may be a remedy at law, but it is not so plain, so complete, and so adequate as is the remedy in equity. The legislature of Georgia, in the act of 1884–85, gives certain equitable rights as against fraudulent assignments, and these rights the courts of the United States can administer in proper cases where they have jurisdiction. Section 5 of that act provides "that in all cases of voluntary assignment for the benefit of creditors, when the same may be attacked as fraudulent, it shall not be necessary to show fraud or collusion, or notice thereof to the assignee under such deed of assignment, to render the same void; but, when fraud can be shown in the assignor, this alone shall be sufficient to authorize a court of competent jurisdiction to declare such assignment void. No assignment shall be set aside except upon a direct proceeding filed for the purpose, and no creditor of the assignor shall obtain any priority or preference of payment out of the assets assigned on any judgment rendered after the filing of the bill in case the deed of assignment is set aside and decreed to be void." Therefore it is held that the bill is properly before the court. These questions were considered by this court and decided in *Jaffrey* v. *Brown*, 29 Fed. Rep. 476.

It may be true on the hearing that all of these damaging allegations will be negatived by the proof, but for the present the court will entertain jurisdiction and will proceed to hear evidence upon the merits.