# HUGH CHITTICK AND ANN CHITTICK

## v.

# TOWN OF LAKE.

*Judgments and Decrees—Pleading—Damages—Action for Flooding Land.*

1. Where damages are assessed upon a count in which entire damages are claimed from both actionable and non-actionable causes joined, judgment should be arrested.

2. In the case at bar, there being no sufficient allegations or proof to show that plaintiffs had suffered any damage because of the acts of defendant which they would not have suffered in any event, the judgment for defendant must be sustained.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. BARNUM & BARNUM and CALDWELL & PIERSON, for appellants.

Messrs. JOHN S. MILLER and GEORGE A. DUPUY, for appellee.

GARY, J.   The appellants sued the town for flooding two separate tracts of land.   The two counts of the declaration only differ as the application of the averments to the separate tracts required.   After averring occupation and cultivation of one of the tracts the first count proceeds:

" That the natural drainage from said premises is through and by certain ditches or drains, theretofore constructed and maintained by the said defendant through and on the public street or highway, the property of said defendant known as Ashland avenue lying east of said premises, which said ditches or drains it was during all the time from the date first above mentioned hitherto the duty of said defendant to constantly and at all times keep and maintain free and clear of all obstruc

tions. That the said defendant, well knowing its duty in the premises, on, to wit, the 2d day of November, A. D. 1883, and from time to time thereafter and up to the commencement of this suit, negligently and unlawfully permitted the said ditches or drains to be obstructed and filled up, thereby preventing the free flow of the water from the plaintiffs' said premises, and on, to wit, the said 2d day of November, 1883, and from time to time thence hitherto, opened up and constructed another drain or ditch in said Ashland avenue south of the said premises so as aforesaid occupied by the plaintiffs, causing thereby an increased flow of water on and upon said premises of plaintiffs, by reason whereof plaintiffs' crops," etc., stating damage.

It is not now contended that any duty rested upon the town to keep highway ditches in condition to drain the lands of adjoining occupants. But the court instructed the jury that the only negligence they were to consider was in permitting such ditches to be filled up, and refused instructions requested by appellants as follows :

"The jury are instructed that a municipal corporation can not lawfully, by artificial trenches, channels or otherwise, increase the volume of water that would naturally flow or collect upon a field or lot; and if the jury believe from the evidence that the defendant constructed a ditch or drain so that on November 2, 1883, and from time to time since and prior to September, 1886, the volume of water that would naturally collect or flow upon plaintiffs' premises was greatly increased, and that by reason of such increased volume of water the plaintiffs' premises were flooded and plaintiffs' property damaged, then the jury should find for the plaintiffs to the amount which the proof shows such loss to be." "If the jury believe from the evidence that the plaintiffs have made out their case as laid in their declaration, they must find for the plaintiffs."

Though an instruction in the form of the last of these has been held not erroneous several times, it has never met a very emphatic approval, and is absurd in principle. Pennsylvania Co. v. Versten, 41 Ill. App. 345. On the whole evidence it is pretty clear that, without any ditches that the town opened, the crops

of the appellants would have suffered just as they did, and so the town has not injured the appellants. Crohen v. Ewers, 39 Ill. App. 34. Their complaint is that, by preventing the free flow through some ditches and causing an increased flow through another, they were damaged, not by the one cause, but by both, and that is alleged without any local description or averment (except that natural drainage was through a ditch) by which any relation of cause and effect can be traced. Now, if damages were assessed upon such a count, entire damages from actionable and non-actionable causes joined, judgment would be arrested. Sicklemore v. Thistleton, 6 M. & S. 9; Sheen v. Pickie, 5 M. & W. 175. The statute, Sec. 57 Practice Act, does not touch this matter. Morrow v. Governor, Hardin (Ky.), 489.

On the whole case no cause of action is stated in the declaration nor proved by the evidence. Neither one nor the other shows that, taking together all that the town has done, the appellants have been worse off than they would have been if the town had done nothing.

*Judgment affirmed.*