## CHASE et al. v. SHELDON ROLLER- MILLS CO.

### (Circuit Court, N. D. Iowa, W. D. July 8, 1893.)

1. CIRCUIT COURTS—JURISDICTION--DIVERSE CITIZENSHIP—ASSIGNED CHOSES IN ACTION.

Plaintiff sued defendant, a citizen of another state, on three promissory notes; one of them being payable directly to plaintiff and the others to a citizen of a third state, who assigned them to plaintiff. The assigned notes, together, were for less than $2,000, but the aggregate of the three exceeded that sum. *Held,* that plaintiff was entitled to maintain the suit, for the provision of the judiciary act of August 13, 1888, that the circuit courts shall not have jurisdiction of any suit on a promissory note, etc., in favor of an assignee thereof, unless the suit might have been prosecuted in that court if no assignment had been made, refers only to the requirement of citizenship of the parties, and not to the sum in dispute.

2. SAME.

The circuit court has no jurisdiction, under the act of August 13, 1888, of a suit on an open account, brought by an assignee thereof, who is a citizen of another state, when the assignor, at the time of making the assignment, was a citizen of the same state with defendant.

At Law. Action by William L. Chase and others, copartners, against the Sheldon Roller-Mills Company. On motion to dismiss for want of jurisdiction. Overruled in part, and sustained in part.

Geo. E. Clarke and Dunn & McIntire, for plaintiffs.

J. S. Lothrop, for defendant.

SHIRAS, District Judge. The plaintiffs in this action are citizens of the state of Missouri, and the defendant company is a corporation created under the laws of the state of Iowa. The plaintiffs declare upon three promissory notes executed by the defendant company and upon an open account for goods sold and delivered. One of the notes sued on is for the sum of $1,187.10, and is payable to the order of plaintiffs. The other two notes are payable to the order of the Millford & Northway Manufacturing Company, a corporation created under the laws of the state of Minnesota,—one being for the sum of $300, and the other for $700,—and have been assigned and transferred to the plaintiffs. The account sued on is for goods sold to the defendant company by the firm of F. M. Norris & Co., the members of which are citizens of the state of Iowa; said account, in the sum of $184.50, having been assigned to the plaintiffs.

The motion to dismiss is based upon the ground that under the statute of August 13, 1888, an assignee of several choses in action cannot maintain an action thereon in the federal court unless each chose in action exceeds $2,000 in amount. It is clear that the Millford & Northway Manufacturing Company could not have brought an action in this court to recover on the two promissory notes owned by it, for the reason that the aggregate amount due on these notes is less than $2,000. The contention of defendant is that, under the language of the statute, the assignee cannot maintain the action, because the assignor could not. The query is whether the words of the statute are to be construed with literal strictness in this particular, or whether the court is at liberty to

look beyond the mere words of the statute, and view them in the light of the purpose of the enactment. In Bushnell v. Kennedy, 9 Wall. 387, it was said that:

"It may be observed that the denial of jurisdiction of suits by assignees has never been taken in an absolutely literal sense. It has been held that suits upon notes payable to a particular individual; or to bearer, may be maintained by the holder without any allegation of ·citizenship by the original payee, though it is not to be doubted that the holder's title to the note could only be derived through transfer or assignment."

In the late case of Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. Rep. 288, it was held that the same rule of construction was applicable to the act of August 13, 1888; that, notwithstanding the further restriction embodied in the latter enactments, the rulings in the cases arising under the judiciary act of 1789 remain "appli-cable, in so far as they hold that the language of the statute is to be interpreted by the purpose to be effected, and the mischief to be prevented."

In the act of 1888 two general restrictions are found, touching the jurisdiction of the circuit court of the United States over controversies between citizens of different states; the one denying jurisdiction if the amount in controversy does not exceed $2,000, and the other forbidding the taking cognizance of any suit to recover the contents of an assigned promissory note or other chose in action, save foreign bills of exchange, and corporate instruments payable to bearer, unless such suit might have been prosecuted in the federal court if no assignment or transfer had been made. The first restriction, in regard to the amount, is not limited to suits on assigned choses in action, but is general, and applies to all suits between citizens of different states. The purpose of this restriction was to prevent the dockets of the federal courts from being crowded with cases involving small amounts, and to save litigants, in such cases, from the increased expense incident to trials in the federal courts. In construing this restriction it has never been held that each separate promissory note or other chose in action sued on must exceed the statutory limitation, in order that jurisdiction of the suit might exist. On the contrary, under all the statutes,—from that of 1789 to the present time,—it has always been the rule that the aggregate of the choses in action sued on constituted the amount in controversy, within the meaning of the statute, and, if this aggregate equaled or exceeded the statutory limit, then this requirement of the statute was met. Thus, if the present plaintiffs had brought suit on five promissory notes executed by the defendant, payable to plaintiffs, and each note being for the sum of $500, there could not be any possible question of the jurisdiction of this court over such a suit. The suit would have been one of a civil nature, wherein the matters in dispute exceeded $2,000, and this is all that the statute requires, in this particular. So, also, if the five notes in the supposed case, each being for $500, had been made payable, in terms, to a citizen of a state other than Iowa, and had been assigned by such payee to the present plain tiffs, the jurisdiction could not be questioned.

In the case at bar the matter in controversy exceeds $2,000, but is composed of a note originally payable to order of plaintiffs, and two notes originally payable to order of the Millford & Northway Manufacturing Company, but now assigned to, and owned by, the plaintiffs; and the contention of the defendant is that, as the amount of the two notes payable to the manufacturing company is less than $2,000, that company could not have maintained a suit thereon, and therefore the plaintiffs cannot, under the provisions of the second restriction found in the act of 1888. Literally construed, the language of the statute would seem to deny the jurisdiction, under such circumstances; but under the rule of construction laid down by the supreme court in Holmes v. Goldsmith, supra, and the cases therein cited, the true meaning of the restriction is to be sought by an interpretation of the purpose to be effected, and the evil to be remedied. It will be observed that the restriction as to amount, and that as to suits by assignees, are wholly separate and distinct parts of the statute. Either one might be repealed without in any way affecting the language used in the other. A change in, or the total abrogation of, the clause regarding the amount in controversy, would leave the clause in regard to suits by assignees wholly unaffected, and the repeal of the latter clause would leave the former in full force. There is not any connection between the clauses, either in the language used therein, nor in the positions they occupy in the statute, nor by reason of the subject-matter. Both in form and substance the two clauses are wholly separate and independent. The purpose to be effected, and the evil to be remedied, by the one clause, has no connection with, or relation to, the purpose of the other clause.

The restriction in regard to suits upon assigned choses in action is intended to prevent the creation of jurisdiction by the transfer of claims held by a citizen of the same state with the debtor to a citizen of another state. The general rule being that the jurisdiction depends upon the adverse citizenship of the parties plaintiff and defendant, it would be an easy matter to create jurisdiction in regard to claims originating between citizens of the same state by the transfer of the chose in action to one who was a citizen of a state other than that wherein the party to be sued resided, unless some restriction was placed upon the right to take jurisdiction over assigned claims. Hence, in the judiciary act of 1789, and in all subsequent acts, a clause limiting the jurisdiction in this particular is to be found. It never was the purpose, however, of these clauses, to define or limit the amount necessary to be involved in order that the controversy might be within the jurisdiction of the federal courts. That subject was dealt with in another, separate and distinct, part of the statute. The purpose of the clause in regard to assigned choses in action was to prevent the creation of jurisdiction by the mere device of transferring the claim to one who was a citizen of a state other than that of the debtor. This clause has no application to the transfer of choses in action originating between citizens of different states, and never owned by citizens of the same state. It does not restrict the jurisdiction over

such causes of action, but is intended to apply only to such as originate between, or have become the property of, citizens of the same state, and which, so long as they remain the property of the original party, could not be brought within the constitutional grant of jurisdiction over matters in controversy between citizens of different states. In the case at bar, neither of the three promissory notes sued on has ever been the property of a citizen of the same state of which the defendant is a corporation. In the particular of diverse citizenship, an action thereon would always have been within federal jurisdiction, and the transfer thereof to the plaintiffs was not from one who was a citizen of the same state with the defendant. To a transfer of such a character the statutory restriction does not apply. Upon the face of the record, it appears that the parties plaintiff and defendant are citizens of different states; the amount in controversy, as represented by the notes sued on, exceeds $2,000, exclusive of interest and costs; and so far as the declaration is based upon the three notes in question, it counts upon choses in action which have never been owned by a citizen of the same state of which defendant is a corporation, and the transfer thereof was not within the evil intended to be remedied or prevented by the clause of the statute touching jurisdiction over assigned choses in action. So far, therefore, as the motion to dismiss attacks the jurisdiction touching the three notes declared on, the same is overruled.

In regard to the open account for goods sold by the firm of F. M. Norris & Co., it appears that the members of the firm are citizens of Iowa, and were such when the account was transferred to them. Being citizens of the same state of which the defendant company is a corporation, the cause of action, as originally owned, was not one within the jurisdiction of the federal court, and jurisdiction could not be created by a transfer thereof to parties residing in a state other than Iowa. As to this cause of action, the motion is sustained.