# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

HOLT et al. v. BERGEVIN et al.

(Circuit Court, N. D. Idaho. February 13, 1894.)

No. 48.

FEDERAL COURTS—JURISDICTIONAL AMOUNT—JOINDER OF CAUSES.

Two parties, having claims for labor performed for the same employer, which arose under separate contracts, were supported by separate evidence, and which would result in several judgments, joined their claims in a single suit, seeking to enforce a lien for their claims by virtue of a law of Idaho which allows any number of parties to join in the same action, where they claim liens on the same property. The suit was removed to the circuit court, where it appeared that neither claim amounted to $2,000, though their aggregate exceeded that sum. *Held*, construing Rev. St. § 914, that the claims were in their nature separate, and that their joinder could not give the federal courts jurisdiction, whatever might be their aggregate amount.

At Law. On motion to remand. Action by Samuel H. Holt and others against Louis Bergevin and others. Motion granted.

James W. Reid and P. Tillinghast, for complainants.

James H. Hawley, for defendants.

BEATTY, District Judge. The complainants have moved to remand the cause. Their claims—each of which is less than $2,000, but aggregate over that sum—are for labor performed by them for defendants, against whom they ask judgment, and for a lien upon property to secure the judgment. The claim of each complainant rests upon his separate contract. It must be supported by separate testimony, and any judgment recovered must be, in effect, several, for each complainant, for the amount found due him. The complainants have joined their several separate causes of action in one suit, through the authority given them by a statute of the state of Idaho providing that "any number of persons claiming liens against the same property may join in the same action." The only question for consideration, under this motion to remand, is whether, in the na-

tional courts, such causes of action can be joined. If they cannot be, the motion must prevail as to the entire cause, as each claim is less than $2,000.

There are different classes of cases in which several plaintiffs, defendants, or claims may be joined; as, when the action is in eject-ment for several distinct tracts of land, and it appears that there had been a joint entry and ouster by different parties, and a joint judgment can be had against the defendants. Friend v. Wise, 111 U. S. 797, 4 Sup. Ct. 695. So, when the question was concerning an injunction against the enforcement of several judgments, each in-volving the same facts, and all between the same parties, it was held that they might be united in the same action. Marshall v. Holmes, 141 U. S. 595, 12 Sup. Ct. 62. It is also held, in a class of actions which, in character, more resemble the one under consideration, that several parties may join in one action when they have a com-mon interest in some fund, and the object is, not to procure several judgments against it in favor of each party, but one judgment, to have it paid into court or into some depository, thereafter to be dis-tributed by some appropriate proceeding among all parties entitled to it, according to their respective rights. In Davies v. Corbin, 112 U. S. 36, 5 Sup. Ct. 4, several persons were permitted to join in an action against a tax collector to compel him to collect a tax, and pay it as a gross sum or fund into the treasury, whence it would be paid to the parties according to the prior judgments they had re-covered against the taxpayers. There was no controversy between the tax collector and the parties as to the amount to be paid to each, —that was to be settled between the parties through some other proceedings,—but the only question was the collection and payment into the depository ordered by the court of a certain sum, the amount of which had been determined by prior agreements and pro-ceedings. In Handley v. Stutz, 137 U. S. 366, 11 Sup. Ct. 117, several creditors of an insolvent corporation brought a joint action, in behalf of themselves and all others in similar situation who desired to join, against the stockholders, for the payment into court of the amount due from them to the corporation, the same to be used by the court as a trust fund for the payment of the creditors. The only question for determination was whether the stockholders should pay the amount they owed the corporation. Its distribution to the creditors was not an issue in that action. The rule is stated in Gibson v. Shufeldt, 122 U. S. 30, 7 Sup. Ct. 1066, as follows:

"Generally speaking, however, it may be said that the joinder in one suit of several plaintiffs or defendants who might have sued or been sued in separate actions does not enlarge the appellate jurisdiction: that, when prop-erty or money is claimed by several persons, suing together, the test is whether they claim it under one common right, the adverse party having no interest in its apportionment or distribution among them, or claim it under separate and distinct rights, each of which is contested by the adverse party."

And in Clay v. Field, 138 U. S. 479, 11 Sup. Ct. 419:

"The general principle observed in all is that if several persons be joined in a suit in equity or admiralty. and have a common and undivided interest, though separable as between themselves, the amount of their joint claims

or liability will be the test of jurisdiction; but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transactions, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone."

In this cause, each complainant has his separate claim, to be supported by testimony applicable to it alone; and for each there must be the equivalent of a separate judgment, notwithstanding all may be framed into a single document. The proceeding would involve in one action, in effect, as many different trials as there are complainants. While all the complainants ask a lien for the security of their several claims against the same property of the defendants, they have no joint interest therein. They are not asking this court to lay its hand upon a fund or property to be used in the liquidation of certain adjudicated and determined claims, as in the cases cited; but, on the contrary, each has a separate contest with the defendants, to determine whether he has a claim against them. There can be no question that, without some enabling statute, each complainant, even under the state practice, would be compelled to maintain his separate action; and it is equally clear that this court has not jurisdiction of the cause, unless it is conferred by the state statute allowing such joinder of cause in the state court, but it must be conceded that the United States courts are invested with jurisdiction alone through national authority, and that state statutes can neither confer nor annul it. While section 914, Rev. St., provides for a like practice and procedure in the state and national courts "in civil causes other than equity and admiralty," it has been frequently held that rights granted by state laws will be enforced, either at law or in equity, in the United States courts; and in Davis v. Gray, 16 Wall. 221, it is said that:

"A party, by going into a national court, does not lose any right or appropriate remedy of which he might have availed himself in the state court of the same locality."

The United States courts, so far as they can, in harmony with United States laws and the rules of practice applicable to such courts, do enforce all rights granted by state laws, and in certain classes of cases follow state procedure; but the question raised here is one of jurisdiction, and not that of procedure, or the enforcement of a right granted by state laws. If, under the pretext of enforcing a right granted by the state, this court should assume a jurisdiction which otherwise it could not have, it would permit a state statute to determine its jurisdiction, which, of course, cannot be conceded. If there were a United States statute which, in express terms, declared, in cases like this, that the parties could not join in a single action, no one would contend that such a law could be controlled by a state statute. It is true there is no statute expressly so framed, but the law, in effect, is such. All laws must be held to convey that meaning which is given them by the construction of courts. The supreme court has placed such construction upon the laws now

in force as operates to exclude cases of this class from the jurisdiction of national courts.    This construction is equivalent to a declaration of the existence of such a law, and is as potent as would be a law framed in express terms.

The conclusion then must be that under the laws of the United States, and the practice of its courts, such causes of action as are involved in this suit cannot be joined to constitute the jurisdictional amount.. The motion to remand is granted.