### EDWARD E. LEE *v.* SPRINGER & UTTON.

January Term, 1901.

Present: TAFT, C. J., ROWELL, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 19, 1901.

*Trespass*—In the same action recovery may be had for distinct trespasses if each trespass is set out in a separate count.

TRESPASS to the person in two counts. Pleas, the general issue and a special plea on the part of each defendant. The special plea of the defendant Springer alleged self-defence, and that of defendant Utton alleged that what he did was done to stop a breach of the peace. Trial by jury, Washington County, March Term, 1900, *Tyler,* J., presiding. Verdict and judgment for the defendants. The plaintiff excepted.

*T. R. Gordon* and *J. G. Wing* for the plaintiff.

*F. L. Laird* for the defendants.

START, J. The action is trespass. It appears that there was testimony tending to show that the defendant assaulted the plaintiff at a mill and at a barn some twelve rods from the mill. The court instructed the jury, that, if the affray at the barn was separate and distinct from the occurence at the mill, the plaintiff could not recover for what occurred at the barn. The declaration contains two counts. Under it, a recovery could be had for either or both of the claimed assaults, notwithstanding they were distinct. Each constituted a separate ground of recovery, but it was not necessary to bring an action for each assault. Several distinct trespasses may be joined in the same action. Encyclopaedia of Pleading and Practice, vol. I, 164, 169. It was, therefore, error to make the right of recovery for the assault at the barn dependent upon its connection with the affray at the mill. As this holding reverses the judgment, no other questions are considered.

*Judgment reversed and cause remanded.*