## William Hurley, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,109.

1. APPEALS AND ERRORS—*when absence of evidence to support count cannot be availed of.* If no motion to direct a verdict upon a particular count not sustained by any evidence is made, a general verdict will not be disturbed if the evidence sustains any count in the declaration.

2. APPEALS AND ERRORS—*when motion in arrest does not lie.* A motion in arrest does not reach the question of the sufficiency of the evidence to sustain a particular count of the declaration.

3. PLEADING—*how propriety of joinder of counts determined.* Whether or not causes of action are properly joined depends not upon proof of the allegations contained therein but on the allegations themselves.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 2, 1910.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; ROBERT W. DUNN, of counsel.

JOHN C. KING and JAMES D. POWER, for appellee.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

After filing a declaration in May, 1904, in a suit against the city for negligence causing injuries alleged to have been sustained in August, 1903, additional counts were filed, in October, 1904, based on other negligence of the defendant causing injuries alleged to have been sustained in March, 1900, when plaintiff was six years of age.

Evidence on behalf of plaintiff, though controverted, tends to prove that the injuries, which resulted in his becoming a humpback by localizing in his spine tubercular germs, which theretofore had had no apparent

effect on his health, were sustained in March, 1900, and were due to defendant's negligence. Plaintiff's version of the first accident is, that while he was playing on a high wooden sidewalk and leaning against a post which had formerly supported the railing along the inner edge of the walk, he was pushed by one of the other boys and, because of the absence of the railing, fell to the lot, some four feet below, striking his back on a stone. The city's negligence consisted in failing, for a period of several months, to repair a torn down railing which had formerly adjoined the walk, thereby rendering the sidewalk dangerous, particularly to children.

While the jury might have found against the plaintiff because of the conflict on some points in the evidence, on a careful consideration thereof we are of the opinion that the verdict is not against the weight of the evidence.

No sufficient evidence of negligence in 1903 was introduced, and if requested the court should have directed a verdict for defendant on the original counts. But no motion therefor was made.

Defendant complains, however, that certain instructions, while stating correct principles of law, could not have been applicable to the second accident and that perchance the jury found against the plaintiff on the first accident and, misapplying the instructions, erroneously found for him on the second accident. The instructions complained of, however, not only were correct in themselves, but they so plainly referred to the conditions of the first accident that the jury, in our judgment, could not have misapplied them.

Moreover, practically the entire evidence in the case was directed to the first accident; it was tried as if the original counts had been withdrawn. That defendant itself was of this view is evidenced by an instruction given at its request, in which the jury were directed, in case they found certain facts in respect to the first accident in defendant's favor, to find the de-

fendant not guilty. The direction for defendant in that event, which was not merely as to the additional counts but as to the entire case, would have been clearly erroneous if the parties and the court had considered that the question of the second accident was still in the case.

Defendant further complains that its motion in arrest of judgment was overruled. It based the motion, not on any defect in any of the counts, or on any original misjoinder of actions, but on its contention that when the original counts are not sustained by the evidence it becomes apparent that there has been a misjoinder of counts, a joinder of false claims with good claims. The case of Chittick v. Town of Lake, 43 Ill. App. 632, cited by defendant, is no authority for this contention. In that case each count was held bad not only as unsupported by the evidence, but as failing to state a good cause of action.

Whether or not causes of action are properly joined depends, not on the proof of the allegations contained therein, but on the allegations themselves. The counts in this action on the case, each stating a good cause of action against the same defendant and by the same plaintiff, were properly joined.

A motion for an instruction in its favor on the original counts, and not a motion in arrest of judgment, was the proper method of securing the relief which defendant desired. In the absence of such a motion a general verdict will be upheld if the evidence sustains any count in the declaration.

The judgment in this case must therefore be affirmed.

*Affirmed.*