### HAMMER et al. v. BRITISH TYPE INVESTORS, Inc.

District Court, S. D. New York.
Jan. 20, 1933.

498

Edward P. Sobel, of New York City, for plaintiffs.

Blake & Voorhees, of New York City (Edward I. Devlin, Jr., of New York City, of counsel), for defendant.

PATTERSON, District Judge.

This is a motion by the plaintiffs to remand to the New York Supreme Court an action commenced there and removed by the defendant to this court because of diversity of citizenship. It is not disputed that the plaintiffs are of New York and the defendant of Delaware. The point raised by the plaintiffs concerns the jurisdictional minimum of $3,000.

There are thirty-two plaintiffs and a single defendant. The complaint contains thirty-two causes of action, one in behalf of each plaintiff. In each cause of action it is alleged that the particular plaintiff bought stock from the defendant in reliance upon the latter's false representations, and that upon discovery of the fraud he tendered back the stock and demanded the money paid for it. In the prayer for judgment each plaintiff asks for a separate judgment for the money with which he parted. As to three plaintiffs, Sinisi, Levine, and Zimmerman, the demand in each case is for a sum in excess of $3,000; as to the others the amount is less than $3,000. In the aggregate the damages demanded come to $44,000.

Beyond question the claims of the numerous plaintiffs are wholly independent of one another. Prior to 1921 no omnibus action of this kind could have been brought in the New York courts. Due to section 209 of the New York Civil Practice Act, however, such a joinder of plaintiffs in one action is now permissible. Akely v. Kinnicutt, 238 N.Y. 466, 144 N.E. 682, was a similar case, where it was held that the claims of the numerous plaintiffs, though separate, arose out of the same series of transactions and involved to a substantial extent common issues of law or fact, and that the causes of action might therefore under the new procedure be joined in a single action.

The causes of action being independent and thrown together only for convenience, speed, and economy, it is plain that in determining the removability of the case the total amount involved cannot be considered. Where a case comprises separate claims no one of which comes up to the jurisdictional limit of $3,000, there is no jurisdiction for diversity of citizenship, either in a case brought originally in the federal court or in a case removed to that court. The fact that the claims in the aggregate may exceed the jurisdictional minimum is of no importance. Troy Bank

v. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Title Guaranty Co. v. Idaho, 240 U.S. 136, 36 S.Ct. 345, 60 L. Ed. 566; Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Holt v. Bergevin (C.C.) 60 F. 1.

But the claims of the three plaintiffs that exceed $3,000 are removable to the United States court. A plaintiff who has a cause of action in excess of $3,000 cannot clog the defendant's right of removal by combining that claim with smaller claims of his own or of others and bringing one suit in the state court upon all the claims together. In the present case the right of the plaintiffs to tie up their separate causes of action and prosecute them in conjunction with one another must yield to the defendant's right to have tried in the federal court any claims that exceed the sum of $3,000, the other requisities of federal jurisdiction on removal being present.

The remaining point is whether the other twenty-nine causes of action are brought over to this court in the train of the three removable causes of action. This is the only question in the case that involves any doubt. If the case falls in the class of separable controversies within the meaning of the third sentence in section 28 of the Judicial Code (28 U.S.C.A. § 71), then the entire "suit" is removed. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Gainesville v. Brown-Crummer Inv. Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781. In a number of decisions, however, the courts have adopted the view that where wholly independent causes of action, some removable and others not removable, are joined in one suit merely to eliminate separate trials, the proceeding is to be regarded as a combination of suits, and each controversy as a "suit" rather than as a separable controversy. The result has been that in such cases the federal court has taken jurisdiction only of the removable causes of action and has remanded the others. Pacific Railroad Removal Cases, 115 U.S. 1, 23, 5 S.Ct. 1113, 29 L.Ed. 319; In re Stutsman County (C. C.) 88 F. 337; Deepwater R. Co. v. Western Pocahontas Coal Co. (C.C.) 152 F. 824; State of Idaho v. American Surety Co. (D.C.) 218 F. 678; Alabama Power Co. v. Gregory Hill Gold Mining Co. (D. C.) 5 F.(2d) 705, 707; Young v. Southern Pacific Co. (C.C.A.) 15 F.(2d) 280; Lucania Societa v. Emergency Fleet Corporation (D.C.) 15 F.(2d) 568; Tillman v.

Russo Asiatic Bank (C.C.A.) 51 F.(2d) 1023, 80 A.L.R. 1368. There are discordant decisions [Tullar & Tullar v. Illinois Central R. Co. (D.C.) 213 F. 280; Sharkey v. Port Blakely Mill Co. (C.C.) 92 F. 425; Hoge v. Canton Ins. Office (C. C.) 103 F. 513], but the rule for this circuit has been settled by the Young Case and the Tillman Case, supra. In the present case the thirty-two causes of action are independent of one another, within the meaning of the authorities cited above. The causes of action of the twenty-nine plaintiffs whose claims are less than $3,000 will accordingly be remanded to the state court. This disposition of the matter is in line with what would have happened had the case been originally brought in the federal court. Jurisdiction would have been maintained of the causes of action where the amount exceeded $3,000, and the others would have been dismissed. Mississippi Mills v. Cohn, 150 U.S. 202, 14 S. Ct. 75, 37 L.Ed. 1052; Independent School District v. Rew (C.C.A.) 111 F. 1, 55 L. R.A. 364; see, also, Walter v. Northeastern R. Co., 147 U.S. 370, 373, 13 S.Ct. 348, 37 L.Ed. 206.

The motion to remand is granted as to all plaintiffs except Sinisi, Levine, and Zimmerman; as to them it is denied. The plaintiffs may recast their complaint accordingly. The order will be settled on notice.