## CASHMERE VALLEY BANK v. PACIFIC FRUIT & PRODUCE CO., Inc.

### No. 51.

District Court, E. D. Washington, N. D.

June 28, 1940.

Weaver & Weaver, of Spokane, Wash., for plaintiff.

Patterson & Patterson, of Seattle, Wash., for defendant.

JAMES ALGER FEE, District Judge.

Plaintiff brought action in the Superior Court of Washington on three causes of action. A summary of the essential allegations follows:

The complaint, composed of three causes of action, each the same, except for the parties, dates and subject matter, sounds in conversion. The first cause of action, representative of all three, is, in short, as follows:

The plaintiff, a commercial bank in the Wenatchee valley, on March 3, 1937, made a loan to Ethelwyn Casebeer, secured by a crop mortgage upon her 1937 crop of apples. The crop mortgage was filed as required by the law of the state. There is still due upon the note from Mrs. Casebeer to the bank in excess of $2,000. In the fall of 1937 Mrs. Casebeer had the apples harvested and delivered them to the defendant's warehouse. About April 6, 1938, the defendant, without the knowledge, consent or permission of the plaintiff, sold the apples. At time of conversion, the apples were valued at $1,690.57. Defendant, recognizing plaintiff's lien, paid the bank $250, but refused to account for the balance, to be applied on Mrs. Casebeer's obligation to the bank. Plaintiff prays judgment for $1,440.57 by reason of defendant's conversion of the apples upon which plaintiff had a chattel mortgage.

The second cause of action, upon parallel facts, is for conversion by defendant of the 1936 apple crop of Chas. C. Hughes. Plaintiff prays judgment for $987.89.

The third cause of action, upon parallel facts, is for conversion by the defendant of the 1937 apple crop of Chas. C. Hughes. Plaintiff prays judgment for $1,667.53.

No cause of action involves $3,000. All three causes of action total $4,095.99. The second and third causes of action, involving the 1936 and 1937 crop of the same owner, total less than $3,000.

The court previously decided to remand this cause to the state court upon the ground that there was not sufficient amount involved to found jurisdiction. Reconsideration of the question was moved and the matter has been carefully examined again.

The basis of the former holding was that each of these causes of action is upon an entirely separate tort claim. The conversions were necessarily separate and do not thus arise out of the same transaction. Each was a separate and distinct violation of a different right of plaintiff, involving different lots of personal property. In each instance, the plaintiff had a lien arising out of a separate instrument and securing a separate indebtedness under an entirely separate set of circumstances. The legal title of the respective lots of personal property which were converted was not in plaintiff in any instance, but was vested in a third party. Plaintiff has different obligations as to each of these parties.

■■ Further, "the intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the Courts."[1] The fact that the rules of joinder of persons are now more liberal than formerly, of course could not lay a basis for federal jurisdiction which did not exist when the statute was passed, since Rule 82, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, expressly provides the contrary.

But joinder of persons, under a statute requiring a diversity of citizenship between the parties to the action and a jurisdictional sum in controversy between these parties, is a vastly different matter than mere joinder of causes of action. The essential question is one of jurisdiction of the controversy between the parties not of joinder of claims.

Mrs. Casebeer and Hughes, the mortgagors, could respectively have brought separate actions for the conversion of these distinct lots of apples. Neither could have claimed sufficient recovery to have sued in the federal court. The cause could not have been removed there. If a recovery was had by either, plaintiff here would still have been entitled to part, if not all, of the proceeds, on account of the separate indebtedness of each. Mrs. Casebeer and Hughes could not have joined the several claims in order to make up the jurisdictional amount against a common defendant, because neither would have had the requisite amount to found jurisdiction.[2]

■ If the claims of one of the holders of the title to part of the apples had been assigned to the other, as a holder for the purpose of suit alone, no action could have been sustained in or removed to the federal court, and each controversy would be separable.[3] It is true that where the plaintiff is the owner of the property itself and has the right to bring suit, he may join claims in which others have an interest.[4]

■ Joinder of persons holding several causes of action against one defendant,[5] or joinder by one plaintiff of several causes of action against several defendants[6] do not lay the foundation for federal jurisdic-

[1] St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845.

[2] Robbins v. Western Automobile Ins. Co., 7 Cir., 4 F.2d 249; Holt v. Bergevin, C.C., 60 F. 1.

[3] Mutual Adjustment Co. v. Pacific Telephone & Telegraph Co., D.C., 288 F. 198.

[4] Bullard v. Cisco, 290 U.S. 179, 54 S. Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141.

[5] "The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; * * *." Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817. Eberhard v. Northwestern Mutual Life Ins. Co., 6 Cir., 241 F. 353, 356; Simpson v. Geary, D.C., 204 F. 507, 510; Woods v. Thompson, 7 Cir., 14 F.2d 951, 952; Putney v. Whitmire et al., C.C., 66 F. 385, 386.

[6] Walter v. Northeastern Railroad Co., 147 U.S. 370, 373, 13 S.Ct. 348, 37 L. Ed. 206; Citizens Bank v. Cannon, 164 U.S. 319, 322, 17 S.Ct. 89, 41 L.Ed. 451; Robinson v. Wemmer et al., D.C., 253 F. 790.

tion,[7] even though the aggregate may exceed the jurisdictional amount. The joinder of many causes of action in a suit between one plaintiff and one defendant was not objectionable at common law, if the same pleas could be had and a like judgment rendered. This was true of independent tort claims.[8] Under the codes, joinder of causes of action was permissible under many classifications.[9] The jurisdiction was founded on such transactions under the Conformity Act, even though causes of action relating to entirely distinct transactions in contract were united.[10] Also, tort claims relating to different transactions may now be joined.[11] However, this question has not often arisen.

The rules of joinder of causes of action in the State of Washington and also in the federal courts now permit the union of these three claims based upon distinct transactions.

In the statute there are no boundaries set upon the number of different transactions which may be used to make up the requisite amount. The plaintiff here has seen fit to join three separate and distinct transactions upon which three actions could have been brought. By almost uniform judicial construction, the amount asked by plaintiff on the face of the complaint is the measure of jurisdiction,[12] unless it is apparent that the claim is not made in good faith. It is equally well settled that a mere aggregation is proper without regard to the nature of the claims.[13] The reasoning applicable to "separable" controversies is, of course, not available where there is a single plaintiff and a single defendant.[14]

The jurisdictional distinction between joinder of claims of different persons, each of whom possessed a claim of the requisite amount and the joinder of many persons with claims aggregating sufficient but each insufficient in amount is shown in a case[15] where thirty-two plaintiffs sued one defendant on entirely distinct claims under the New York Code. The court retained jurisdiction of three of the several claims, each amounting to $3,000, in different persons, and remanded all the others.

The sole plaintiff here has by virtue of its separate lien a special property in the respective parcels of personalty which are the subject of each cause of action.[16] The fact that it might or might not be required subsequently to account is of no value.[17] The State of Washington has recognized this substantive right of action as to each transaction.[18] Separate actions could have been maintained on the basis of these three separate transactions. But plaintiff united all three in one. Mrs. Casebeer and Hughes, respectively, have separate interests in different lots of this personal property. But the plaintiff is not assignee of either[19] and has a separate

---

[7] The question has not often arisen under the removal statute, but the test is the same. See Holt v. Bergevin, C.C., 60 F. 1.

[8] Lee v. Springer & Utton, 73 Vt. 183, 50 A. 809; Hurley v. City of Chicago, 159 Ill.App. 92; Ditcham v. Bond, 2 Mau. & Sel. 436, 105 Eng.Rep. 443.

[9] McClure v. Campbell, 42 Wash. 252, 84 P. 825.

[10] Heffner v. Gwynne-Treadwell Cotton Co., 8 Cir., 160 F. 635, 638; Hammond v. Cleaveland, C.C.Or., 23 F. 1, 2, 3.

[11] Nickelson v. Nestles Milk Products Corporation, 5 Cir., 107 F.2d 17, 18.

[12] Nickelson v. Nestles Milk Products Corporation, supra; Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921, 924.

[13] Hammond v. Cleaveland, supra; Brigham-Hopkins Co. v. Gross, C.C., 107 F. 769; Davis v. Mills, C.C., 99 F. 39; Bowden v. Burnham, 8 Cir., 59 F. 752; Chase v. Sheldon Roller-Mills Co., C.C.,

56 F. 625; Bernheim v. Birnbaum, C. C., 30 F. 885.

[14] Drovers' Deposit National Bank v. Tichenor, D.C., 202 F. 1013; Tullar & Tullar v. Illinois Cent. R. Co., D.C., 213 F. 280.

[15] Hammer v. British Type Investors, Inc., D.C., 15 F.Supp. 497.

[16] See Spokane Security Finance Company v. Crowley Lumber Company, 152 Wash. 697, 279 P. 103; Cashmere Valley Bank v. Pacific Fruit & Produce Co., 198 Wash. 363, 88 P.2d 579.

[17] See Bullard v. Cisco, supra.

[18] The pleading question is a separate one. In Fitchett v. Blows, 8 Cir., 74 F. 47, four separate mortgages made by the same parties but upon four different parcels of real estate were foreclosed in one suit, although none of the several mortgages involved the jurisdictional amount. The question of multifariousness was held waived.

[19] This distinction is vital. See State of Idaho v. American Surety Co. of New York, D.C., 218 F. 678, 681.

950

right in each lot, although it must account to the respective parties. The federal court must apply the state substantive law in any event.[20] The question of joinder of claims is not jurisdictional, since there is but one plaintiff and one defendant, and the requisite amount is involved in the controversy.[21]

The motion to remand is denied.

---

[20] Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

[21] See, also, Columbian National Life Ins. Co. v. Harrison, 6 Cir., 12 F.2d 986, 988; Mutual Life Ins. Co. of New York v. Rose, D.C., 294 F. 122; Armstrong v. Ettlesohn, C.C., 36 F. 209; New York Life Insurance Co. v. Jones, D.C., 2 F. Supp. 600.