**Everett E. RAKE, Plaintiff,**

v.

**CITY LUMBER COMPANY OF BRIDGE-PORT, Inc., Defendant.**

**Civ. No. 67-319.**

United States District Court
D. Oregon.

Aug. 31, 1967.

8. Seaboard relies particularly upon those portions of the Act set forth in 5 U.S.C. §§ 556–558 and 702–706.

Plaintiff was employed by defendant as its West Coast manager in charge of its Western Regional Offices in Portland, Oregon. Defendant agreed to pay plaintiff a salary of $18,000.00 a year, plus an annual bonus of $3,000.00. In his first claim, plaintiff alleges that he has not been paid two weeks of his salary in the sum of $750.00, that he has not been paid bonuses for the years 1963, 1964 and 1965, and that he has incurred and made unreimbursed payments and expenses in the amount of $469.63 in the conduct of defendant's business operations. He also claims penalties under ORS 652.150 of $1,500.00 and attorney's fees under ORS 652.200 in the sum of $4,400.00. Counts two through seven allege that plaintiff and defendant entered into an agreement whereby plaintiff would endeavor to seek out and study possible joint acquisitions by the parties of interests in companies owning timber and/or lumber mills and that defendant would provide the money needed to purchase and develop such companies. In consideration for his services, plaintiff would receive a 10% interest in these acquisitions. As a result of this agreement, several Canadian companies were acquired. Plaintiff now claims 10% of the stock in these companies or in lieu thereof $350,000.00.

Defendant asserts that plaintiff's first claim should be dismissed on the ground that it does not meet the $10,-000.00 requisite for federal diversity jurisdiction.

Defendant also moves to dismiss all claims, including the second through the seventh on the ground that it is an out-of-state corporation, not subject to service of process in the District of Oregon.

■ 1. Should the first cause of action be dismissed on the ground that it falls below the required jurisdictional amount?

■ A complaint should not be dismissed unless the proof shows that the plaintiff can, in no event, recover the amount claimed. The proof must be such

Donald H. Pearlman, Keane, Haessler, Bauman & Harper, Portland, Or., for plaintiff.

Frank McK. Bosch, Vosburg, Joss & Bosch, Portland, Or., for defendant.

OPINION AND ORDER

KILKENNY, District Judge:

Plaintiff is a citizen of Oregon and defendant is a citizen of Connecticut.

as to evidence a lack of good faith on the part of plaintiff, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Davenport v. Mutual Benefit Health & Accident Ass'n., 325 F.2d 785 (9th Cir. 1963).

Defendant attacks the claims for unpaid bonuses on the ground that such claims are barred by ORS 12.110(3).[1] A bonus, such as claimed by the plaintiff, is not "overtime or premium pay" as contemplated by the statute. Massey v. Oregon-Washington Plywood Co., 223 Or. 139, 353 P.2d 1039 (1960).

Moreover, the plaintiff's claim for penalties under ORS 652.150 [2] may be included in determining the jurisdictional amount. Although Davenport v. Mutual Benefit Health & Accident Ass'n, supra, is not exactly in point, the decision leads me to the conclusion that the penalties provided by the Oregon statute should be included.

Likewise, the claim for attorney fees under ORS 652.200 must be considered in passing on the jurisdictional amount. Stokes v. Reeves, 245 F.2d 700, 702 (9th Cir. 1957).

It will be observed that all of the claims originated with and belonged to the plaintiff and are against a sole defendant. In these circumstances, the total of the claims, regardless of their nature, is the determining jurisdictional factor, rather than the figures set forth in each individual claim. Lloyd v. Kull,

329 F.2d 168, 170 (7th Cir. 1964); Pearson v. National Soc. of Public Accountants, 200 F.2d 897 (5th Cir. 1953); Cashmere Valley Bank v. Pacific Fruit & Produce Co., Inc., 33 F.Supp. 946 (E.D.Wash.N.D.1940); Alberty v. Western Surety Co., 249 F.2d 537 (10th Cir. 1957).

2. Defendant argues that it does not have sufficient minimum contacts in the state of Oregon to justify jurisdiction in this Court. The authorities do not sustain the defendant's position. Defendant maintained a branch office in Portland, it made systematic purchases within the state, it hired the plaintiff in the state of Oregon and most of the negotiations concerning the transactions mentioned in claims two through seven occurred in the state of Oregon. Defendant's actions constituted the transaction of business under ORS 14.035(1) (a) and fell within the "minimum contacts" constitutional requirements enunciated in International Shoe Co. v. State of Washington etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Rosenlund v. Transnational Ins. Co., 237 F.Supp. 599 (D.Or.1964) and Bohemia Lumber Co. v. Eimco Corp., 223 F.Supp. 178 (D.Or.1963), support jurisdiction.

3. Defendant's contention raising the issue of improper venue is of no significance and not worthy of discussion.

This opinion shall serve as my findings and conclusions. The motions to dismiss are denied.

1. ORS 12.110(3), provides:
"An action for overtime or premium pay or for penalties or liquidated damages for failure to pay overtime or premium pay shall be commenced within two years."

2. ORS 652.150 provides:
"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits his employment, as provided by ORS 652.-140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days; * * *."