SEAMAN, as Survivor, etc., *v.* SLATER and others.

*(Circuit Court, S. D. New York. November 16, 1883.)*

1. PARTIES—MISJOINDER—DEATH OF PARTY UNDER LIABILITY WITH OTHERS.

Where several persons have incurred a liability arising from the same transaction, the representatives of one of them who has died cannot, in an action at law, be joined with the survivors. If the liability is merely joint, the survivors only remain liable at law; if several, as well as joint, the action, if prosecuted against both the representatives of the deceased person and the survivor, must proceed against them separately.

2. SAME—ORDER FOR SEVERANCE.

The court may grant an order for the severance of an action which should have been brought separately against defendants who have been improperly joined.

At Law.

*Man & Parsons,* for complainant.

*Franklin Bartlett,* for defendant Slater.

*Marsh, Wilson & Wallis,* for defendant Fisher.

WALLACE, J. Whether the deceased defendant was a partner or a tenant in common with the surviving defendant the action cannot be revived against the representatives of the decedent so as to proceed against them and the survivor jointly, because there cannot be a judgment against one *de bonis testatoris* and against the other *de bonis propriis.* If, as would seem to be the case, the liability of the original defendants upon the cause of action alleged in the complaint is a

joint'and not a joint and several liability, the remedy of plaintiff, as against the representatives of the decedent, is in equity, after his remedy shall have been exhausted at law against the survivor. If the liability is several as well as joint, inasmuch as the cause of action survives, a severance of the action may be allowed, so that it can proceed separately against the survivor and the representatives of the decedent. The question whether plaintiff can proceed separately against both the survivor and the representatives of the decedent is one of too much importance to be decided upon a motion which relates to the procedure merely, when there can be no review. The representatives of the deceased defendant can avail themselves, by way of defense of the suit against them, of any objection to the right of the plaintiff to maintain such suit, and the questions presented can be more appropriately decided then.

An order for a severance, and for bringing in the representatives of the deceased defendant accordingly, may be entered if plaintiff elects to adopt that course.