### NEUN v. B. H. BACON CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   March 9, 1910.)

1. PLEADING (§ 246*)—AMENDMENTS—SUBJECT-MATTER.

Under Code Civ. Proc. § 542, permitting the amendment of a pleading within 20 days after service of a demurrer thereto, a plaintiff may not within 20 days after demurrer to the complaint, on the ground that several causes of action are improperly united, amend his complaint containing one cause of action against defendant and an independent cause of cation against codefendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 683; Dec. Dig. § 246.*]

2. PLEADING (§ 213*)—DEMURRER—EFFECT—IMPROPER AMENDMENT.

A demurrer to a pleading cannot be avoided by the service of an improper amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 485; Dec. Dig. § 213.*]

3. ACTION (§ 60*)—MISJOINDER OF CAUSES OF ACTION—SEVERANCE AFTER DEMURRER.

Code Civ. Proc. § 497, providing that, where a demurrer to a complaint is allowed because two or more causes of action have been improperly united, the court may on terms direct that the action be divided into as many actions as are necessary for the determination of the causes of action stated, preserves to a plaintiff his causes of action only where, on demurrer, the court adjudges that they are improperly united, so that he need not commence anew, and under such statute he cannot sever after the filing of a demurrer, but before the ruling of the court thereon.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–701; Dec. Dig. § 60.*]

4. ACTION (§ 60*)—MISJOINDER OF CAUSES OF ACTION—SEVERANCE BY AMENDMENT—POWER OF COURT TO ALLOW—DEMURRER PENDING.

Code Civ. Proc. § 723, authorizing the court in furtherance of justice to amend any pleading, does not justify, pending a demurrer to the complaint, the granting of an order on a hearing to show cause which divides causes of action set forth in the complaint in conformity to plaintiff's application for an order and granting leave to serve amended complaints in each of the causes of action as so divided.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–701; Dec. Dig. § 60.*]

5. ACTION (§ 60*)—MISJOINDER OF CAUSES OF ACTION—SEVERANCE—PENDENCY OF DEMURRER.

Code Civ. Proc. §§ 511, 1205, 1220, 1522, 1523, relating to the severance of a cause or causes of action, do not justify, pending a demurrer to the complaint, an order on a hearing to show cause which divides causes of action set forth in the complaint in conformity to plaintiff's application therefor, and which grants leave to serve amended complaints in each of the causes of action as so divided.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–701; Dec. Dig. § 60.*]

Appeal from Special Term, Monroe County.

Action by Henry P. Neun against the B. H. Bacon Company and another. From an order dividing the action into two actions against the defendants separately, defendants appeal. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Everett O. Gibbs, for appella.
William F. Lynn, for respondent.

SPRING, J. The plaintiff commenced this action in March, 1909, to recover the balance due for merchandise sold and delivered to the defendant Bacon Company, a domestic corporation, between May, 1902, and April, 1903.

In the third paragraph of the complaint, in an attempt to state a cause of action against the defendant Amelia Van Deusen, it was alleged that at the time of said sale she was a stockholder in said corporation, and "that thereafter and since the said 1st day of April, 1903, in a sale of her said stock, which was practically the whole stock of said company, the said Amelia Van Deusen, for value received, assumed and agreed in writing to pay the plaintiff the said balance above alleged to be then owing to him by said B. H. Bacon Company, to wit, said sum. of $984.01, with interest thereon from April 1, 1903."

A demurrer was interposed by each defendant on the ground that several causes of action were improperly united. After service of such demurrers, and before the time to serve an amended complaint had expired, the plaintiff obtained an order requiring the defendants to show cause at a Special Term why an order should not be granted permitting the plaintiff to divide the action into two actions against the defendants severally, and permitting him to serve an amended complaint upon each of the defendants in the new actions, when so ordered. The matter came on at Special Term, and the order was granted dividing the causes of action in conformity to the application of the plaintiff, and granting him "leave to serve amended complaints in each of said actions as so divided, with allegations appropriate thereto, as he is advised."

The causes of action alleged were on independent contracts not arising out of the same transaction; the liability of the defendant Van Deusen being in the nature of a contract of suretyship or indemnity to the person who purchased from her the stock in the corporation.

By section 542 of the Code of Civil Procedure the plaintiff might have amended his complaint of course, and without costs. If he had availed himself of this remedy, it would not have relieved him from the dilemma in which he was placed by the interposition of the demurrers. He could not sever the causes of action by amending his complaint containing one cause against the defendant corporation and another independent cause of action against the defendant Van Deusen upon her contract of guaranty.

The demurrers that had been interposed raised an issue of law that must be tried, unless the plaintiff could get rid of them by serving an amended complaint, and which would not accomplish the result, as already suggested.

Section 497 of the Code of Civil Procedure provides:

"If a demurrer to a complaint is allowed, because two or more causes of action have been improperly united, the court may, in its discretion, and upon such terms as are just, direct that the action be divided into as many actions as are necessary for the proper determination of the causes of action therein stated."

The authority in pursuance of this section has been several times exercised. Roehr v. Liebmann, 9 App. Div. 247, 249, 41 N. Y. Supp. 489; Myers v. Lederer, 117 App. Div. 27, 30, 101 N. Y. Supp. 1088.

The Code of Civil Procedure, therefore, preserves to a plaintiff his causes of action where it is held on demurrer that they are improperly united, so that he is not obliged to commence anew. If important, he is in the same condition as if the demurrer had been overruled so far as the defense of the statute of limitations is concerned.

In this case the plaintiff did not amend, and he did not await the trial and decision of the demurrers in the orderly way to protect himself. He made this motion, evidently, in order to avoid the payment of the costs of the demurrers, and has succeeded, for only motion costs were imposed, and he has gained every advantage and none of the disadvantages resulting from the allowance of the demurrers at the trial.

I find no authority for this practice. The demurrer is a pleading, and it can be effectually killed by the service of an amended pleading within section 542, and I know of no other way. In this case, the demurrers in effect have been upheld and their purpose thwarted by a short cut which finds no warrant in the Code procedure.

The plaintiff, apparently, concedes that he has improperly united two causes of action by joining in one action two defendants against whom he may have separate, distinct causes of action, although that question is not before us. He wished to get rid of these pleadings which are fatal to the maintenance of his action as now laid, and has attained his purpose by this order. The practice prescribed in section 497 results in disposing of the demurrer when sustained. The order in question does not allow or disallow the demurrers. There has been no trial of the issues of law which they raise.

Section 723 of the Code of Civil Procedure is the omnium gatherum of powers in the courts to make amendments; but the widest interpretation to any or all of its provisions does not justify the practice adopted in this proceeding.

There are several sections of the Code of Civil Procedure by which the severance of a cause or causes of action is permitted; but not one of them pertains to a proceeding like the present. In section 511, when the answer admits a part of the plaintiff's claim, the court may, upon the motion of the plaintiff, order that the action be severed and that judgment be entered for the plaintiff for the part admitted. In section 1220,° where an issue of law and one of fact arise in different causes of action contained in the complaint, final judgment may be obtained with respect to one or more of the causes of action alleged, and the action continued as to the residue. Sections 1522 and 1523

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ity, and nothing to be proved by parol, when an action is brought on the note.

While the statute has been in force since 1882, apparently it has not been fruitful in litigation. In Hawley v. Kountze, 6 App. Div. 217, 39 N. Y. Supp. 897, a loan of $15,000 had been made upon shares of stock and the claim was made in defending against the notes evidencing the indebtedness that the amount of the compensation in excess of the interest must be provided for in writing. The court held otherwise, and used this language in commenting upon the scope of the statute, at page 219 of 6 App. Div., and page 898 of 39 N. Y. Supp.:

"But, in the view which we take of the act of 1882, the only importance of an agreement in writing as to the sum to be received by the lender is to enable the lender to collect more than 6 per cent. as his compensation. The effect of that enactment was to remove from the operation of the usury laws of the state all loans of money payable on demand, where the amount lent or advanced is not less than $5,000, and where warehouse receipts, bills of lading, certificates of stock, certificates of deposit, bills of exchange, bonds, or other negotiable instruments are pledged as collateral security for such repayment of the money borrowed. If the agreement is merely oral as to the compensation to be received by the lender in such a transaction, we think that the statute, nevertheless, makes the loan nonusurious, though it would seem that a contract in writing is necessary in order to enable the lender to collect more than 6 per cent."

Similar provisions contained in statutes in other jurisdictions have received a like construction. Tribble v. Anderson, 63 Ga. 31, 36; Cameron v. Merch. & Mfgs. Bank, 37 Mich. 240, 244; In re Samuel Wilde's Sons (D. C.) 133 Fed. 562, 566.

The authority upon which the defendants mainly rely is Rosenbluth v. Dunn, 41 Conn. 619. The statute construed in that case prohibited a greater rate of interest than 6 per cent. per annum, "except when the agreement to pay such greater rate of interest is in writing." The requirement of the statute was explicit and unmistakable, and the court so held.

The defendants' exceptions should be overruled, and motion for new trial denied, with costs, and judgment ordered for the plaintiffs on the verdict, with costs.

So ordered. All concur.

---

GOULD et al. v. VILLAGE OF SENECA FALLS et al.

(Supreme Court, Appellate Division, Fourth Department.   March 9, 1910.)

MUNICIPAL CORPORATIONS (§ 956*)—MUNICIPAL BONDS—REFERENDUM—FEMALE SUFFRAGE—"FUNDED DEBT."

Under General Municipal Law, § 5 (Consol. Laws, c. 24, § 6), the words "funded debt" include all municipal indebtedness embraced in or evidenced by a bond the principal of which is payable at a time beyond the current fiscal year of its issue, with periodical terms for the payment of interest, and when provision is made for the payment by raising necessary funds by future taxation and the quasi pledging in advance of the municipal revenue. Said section 6 declares that a funded debt shall not be created, except by resolution or ordinance passed by a two-thirds vote of the members elected to the board or council adopting it, or submitted to and ap-