GOTTWALD et al. v. WEIL.

(Supreme Court, Special Term, New York County. July 26, 1910.)

PLEADING (§ 245*)—TIME FOR AMENDMENT—RULING ON DEMURRER—NECESSITY —MISJOINDER OF CAUSES OF ACTION.

After demurrer to a complaint against two defendants for misjoinder of causes of action and a discontinuance as to the nondemurring defendant, the court cannot compel acceptance of an amended complaint by the defendant, who demurred, pending a ruling on the demurrer, though the time to amend as of course had not expired.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 653–675; Dec. Dig. § 245.*]

Action by Anna Gottwald and Ida Mardos against Annie S. Weil. On motion to compel defendant's attorney to accept service of an amended complaint. Motion denied.

See, also, 124 N. Y. Supp. 332.

William H. Siebrecht, Jr., for the motion.
Lewkowitz & Schaap, opposed.

GIEGERICH, J. The original complaint alleged a cause of action against the defendant Weil on one instrument and another cause of action against the defendant Waibel on another instrument. On June 28, 1910, a demurrer was served on the plaintiffs' attorney by the defendant Weil, on the ground that there was a misjoinder of causes of action. On June 30, 1910, notice of trial of the demurrer was served. On July 1, 1910, an order was granted ex parte upon the application of the plaintiffs, permitting them to discontinue the action as against the defendant Waibel, who had neither appeared nor answered. On July 5, 1910, the attorney for the defendant Weil was served with a copy of such order, with notice of entry, and at the same time was served with a complaint, indorsed "Amended Complaint," naming the defendant Weil only as party defendant, and setting forth the same allegations and the same cause of action against him as in the original complaint, but omitting the cause of action against the defendant Waibel. This pleading was returned, with a statement of several reasons

for such course, among them being that no amended complaint could be served until the issue of law had been disposed of, and that the complaint served was not designated as an amended complaint.

Upon an application previously made on behalf of the defendant Weil to vacate the order permitting the discontinuance as against the defendant Waibel, I denied the motion, on the ground that as against the defendant Waibel a discontinuance was proper, and that the question of the effect of such discontinuance upon the relations between the plaintiff and the defendant Weil need not be considered until it was presented directly by a motion suitable to the purpose. In Neun v. Bacon Co., 137 App. Div. 397, 121 N. Y. Supp. 718, it was held that, where demurrers had been interposed upon the ground that causes of action had been improperly united, each affecting different parties, the court had no power, prior to the decision of the demurrers, to permit the plaintiff to sever the action into two actions, and to serve an amended complaint in each action, notwithstanding the fact that the time to amend as of right had not expired, and it was further held that the plaintiff could not, under the guise of an amendment, sever the action. The reasons which led to the conclusion reached in that case lead equally to a denial of the motion made in this case.

Motion denied, with $10 costs to abide the event.