### O'CONNOR v. CHRISTOPHER et al.

(Supreme Court, Trial Term, Orleans County. April 19, 1915.)

1. PLEADING &#9758;218 — MISJOINDER OF CAUSES OF ACTION — AMENDMENT — KILLING OF DEMURRER—STATUTE.

 Where a complaint shows separate, distinct causes of action, each against but one of two defendants, upon demurrer to such complaint on the ground that such causes of action were improperly joined, the service of an amended complaint cannot kill the demurrer, under Code Civ. Proc. § 542, permitting amendments of course, since a complaint cannot be amended by dropping both a defendant and a cause of action without leave of court; the proper procedure being to move under section 497 after demurrer sustained.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. &#9758;218.]

2. PLEADING &#9758;218—MISJOINDER OF CAUSES OF ACTION—AMENDMENT—KILLING OF DEMURRER—STATUTE.

 Where causes of action against each of two defendants were joined in the complaint, and demurred to for misjoinder, service of an amended complaint, under Code Civ. Proc. § 542, permitting amendments of course, setting up but one of the original causes of action, killed such demurrer, so that the case was improperly on the calendar for trial.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. &#9758;218.]

Action by David O'Connor against Thomas Christopher and another. Defendants demurred, plaintiff served an amended complaint, defendants noticed the case for trial on demurrer, and plaintiff moves to strike from the calendar. Motion granted.

---

William J. Baker, of Rochester, for plaintiff.
Knickerbocker & Blake, of Albion, for defendants.

POUND, J. Complaint joins two causes of action. Defendants demur on the ground that causes of action were improperly united. Plaintiff, within 20 days after the service of the demurrer, served an amended complaint setting up but one of the two original causes of action. Defendants noticed the case for trial on the demurrer. Plaintiff maintains that the amended complaint superseded the demurrer. The causes of action originally pleaded each affected both defendants. Plaintiff moves to strike case from calendar.

[1] That a demurrer may be killed by the service of an amended pleading within section 542 of the Code of Civil Procedure, permitting amendments of course, and in no other way, is held in Neun v. Bacon Co., 137 App. Div. 397, 121 N. Y. Supp. 718. And the question arises whether the demurrer herein is killed by the amended complaint. The difficulty which arises where *separate, distinct causes of action, each against one only of two different defendants,* are joined, is one that from the nature of things cannot be overcome by the service of an amended complaint. A complaint cannot be amended by dropping a defendant and a cause of action without leave of court. The action must be divided, and the defendants sued separately. After demurrer is allowed, this may be permitted under section 497 of the Code of Civil Procedure. Neun v. Bacon Co., supra; Gottwald v. Weil, 68 Misc. Rep. 468, 124 N. Y. Supp. 333.

[2] But that difficulty does not arise where *the causes of action joined in the complaint are against the same defendants.* The demurrer herein was therefore killed by the service of the amended complaint. As the demurrer was improperly noticed for trial, it is stricken from the calendar.

The defendants may have 10 days' additional time to answer the amended complaint.

Judgment accordingly.