### LESZYNSKY v. LEVINSOHN et al.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. WORK AND LABOR ⬦⟳20—PARTIES—MISJOINDER.

In a common-law action for work, labor, and services, there must be a complete cause of action against each defendant, or the complaint is demurrable as to any defendant against whom a cause of action is not stated.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 37, 38; Dec. Dig. ⬦⟳20.]

2. ACTION ⬦⟳50—MISJOINDER OF CAUSES OF ACTION—STATUTE.

Under Code Civ. Proc. § 488, subd. 7, providing that the defendant may demur to the complaint, when it appears upon the face thereof that causes of action have been improperly joined, where plaintiff sued a partnership for work, labor, and services, alleging that it employed him, and a corporation, alleging that it had assumed the obligations of the firm, the complaint was demurrable; it stating two separate and distinct causes of action upon separate and distinct promises against separate and distinct defendants.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. ⬦⟳50.]

3. ACTION ⬦⟳60—DEMURRER FOR MISJOINDER—SPLITTING INTO SEPARATE CAUSES OF ACTION—STATUTE.

By direct provision of Code Civ. Proc. § 497, if demurrer to a complaint is allowed for misjoinder of causes of action, the court, in its discretion and upon just terms, may direct that the action be divided into as many actions as are necessary for the proper determination of the causes of action stated.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–707; Dec. Dig. ⬦⟳60.]

Appeal from Special Term, New York County.

Action by Julius Leszynsky against Otto Levinsohn and others, copartners, and Brasch & Rothenstein, Incorporated. From an inter-

locutory judgment, overruling a demurrer of the defendant corporation, it appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Alexander S. Bacon, of New York City, for appellant.

O'Gorman, Battle & Vandiver, of New York City (I. H. Levy, of New York City, of counsel, and John Manning Battle, of New York City, on the brief), for respondent.

CLARKE, J. The complaint alleges: That from January 1, 1890, to January 1, 1902, Heinrich Rothenstein, a resident of Berlin, carried on the business of a forwarder under the firm name and style of Brasch & Rothenstein, with his principal office in Berlin. That in January, 1902, said Heinrich Rothenstein and one Julius Rothenstein formed a copartnership for the carrying on of said business, and took over the assets and agreed to pay all the liabilities of the former concern. That in August, 1908, the firm was dissolved, and until October, 1909, Heinrich Rothenstein carried on and transacted the said business, and took over the assets, and assumed and agreed to pay the outstanding liabilities. That in October, 1909, Heinrich Rothenstein, Otto Levinsohn, Alexander Silbermann, and Heinrich Hermann formed a copartnership for the carrying on of said business, and took over the assets, and agreed to pay the liabilities. That Heinrich Rothenstein died on February 22, 1911, and thereupon Levinsohn, Silbermann, Hermann, and Agnes Rothenstein formed a copartnership for carrying on said business, and took over the assets, and agreed to pay the liabilities. That on June 21, 1913, Agnes Rothenstein died, and left her surviving as her heirs and next of kin the defendants Marie Baer, Elizabeth Cohen, Charlotte Tendlau, Alice Furth, and Friederich Rothenstein. That thereupon, on the 21st day of June, 1913, the defendants Levinsohn, Silbermann, and Hermann and the said heirs and next of kin formed a copartnership for carrying on said business, and took over the assets, and assumed and agreed to pay the liabilities. That from on or about the 28th of May, 1890, up to and including the 1st day of February, 1914, the plaintiff, at the special instance and request of said Heinrich Rothenstein, Julius Rothenstein, Agnes Rothenstein, and the present members of the firm of Brasch & Rothenstein, defendants herein, rendered certain work, labor, and services to the firm of Brasch & Rothenstein, which services consisted of advancing his money on account of said firm and devoting his energy to the upbuilding of said firm, acting in the capacity of confidential agent and overseer of the London branch of said firm, and doing in that connection all duties which would pertain to or be a part of the position of confidential agent and overseer for a period of seven years, and establishing, building up, and maintaining in New York City the American branch of said firm, for a period of about 16 years. That said services are of the reasonable worth and value of $180,000. That no part of said sum had been paid, although duly demanded. Upon information and belief: That on or about the 21st of February, 1914, the defendants Otto Levinsohn, Alexander Silbermann, Heinrich Her-

mann, Hugo Furth, Marie Baer, Elizabeth Cohen, Charlotte Tendlau, Alice Furth, and Friederich Rothenstein incorporated or caused to be incorporated under the laws of the state of New York, and under the name of "Brasch and Rothenstein, Incorporated," the American branch of their business, located in the city, county, and state of New York, and that thereupon the said corporation took over all of the liabilities of the said American branch of the said business.

To this complaint the corporation Brasch & Rothenstein, Incorporated, demurred. The learned Special Term overruled the demurrer, saying:

"From a reading of the complaint it is apparent that there is but one cause of action set forth, namely, for work, labor, and services claimed to have been performed by the plaintiff; the balance of the complaint seems to be but a history of the many changes that occurred in the partnership of the defendants."

There is no allegation in the complaint that the plaintiff performed any work, labor, and services for the defendant corporation, which is alleged to have been incorporated 21 days after he ceased to perform any work for the firm. The only allegation which could tend to bind the corporation would be that:

"Thereupon the said corporation took over all of the liabilities of the American branch of said business."

[1, 2] This is a common-law action for work, labor, and services. In such an action there must be a complete cause of action against each defendant, or the complaint is demurrable as to that defendant. The only semblance of a cause of action against the corporation is that it is alleged to have taken over the liabilities of the firm, which might be interpreted to mean that the pleader intended to state that the corporation had assumed the obligations of the firm. But, so interpreted, there are two causes of action based upon two separate promises, one by the firm to pay for the work, labor and services rendered to it at its request, and one by the corporation to pay the debts of the firm. Thus there are two separate and distinct causes of action against two separate and distinct defendants. Section 488, subdivision 7, of the Code of Civil Procedure provides:

"The defendant may demur to the complaint when it appears upon the face thereof that causes of action have been improperly united."

In Roehr v. Liebmann, 9 App. Div. 247, 41 N. Y. Supp. 489, the action was upon a written lease for damages sustained in the restoration of the property after the termination of the lease. The defendants who demurred were not parties to the lease. They were not mentioned in the body of the lease and did not execute the same. The court said:

"Their undertaking is a guaranty that the lessees will fulfill the terms of the lease. The obligation is therefore not joint, but several, and arises out of distinct and independent contracts, the obligation under the lease being that the principal party will pay his debt, and under the guaranty that the guarantors will pay the debt of the lessee. These contracts have always been held to be separate contracts, even though appearing upon the same instrument (citing cases). Nor is the rule changed from the consideration that the liability

attaches to each party at the same time and to the same extent. * * * It follows, therefore, that the causes of action alleged in the complaint are improperly united and that the demurrer should be sustained."

In Neun v. Bacon Co., 137 App. Div. 397, 121 N. Y. Supp. 718, plaintiff sued for a balance due for merchandise sold and delivered to the defendant Bacon Company, a domestic corporation, and attempted to state a cause of action against the defendant Van Deusen, in that she had assumed and agreed in writing to pay the plaintiff the said balance alleged to be owing to him by said Bacon Company. The court held that the causes of action alleged were on independent contracts not arising out of the same transaction; the liability of the defendant Van Deusen being in the nature of a contract of suretyship or indemnity, while that against the corporation was for merchandise sold and delivered.

[3] In Myers v. Lederer, 117 App. Div. 27, 101 N. Y. Supp. 1088, where an action was brought by the plaintiffs, as attorneys and counselors at law, for legal services against defendants, who were members of several firms, for professional services in and about the formation and organization of a corporation to take over the business of said firms, this court held that it was quite clear that there were at least four causes of action alleged, based upon the several contracts of employment. Each group of defendants who made a joint promise were responsible for the contract that they made; but the defendants who did not join in the contract made by such group were not responsible for that contract, and the demurrer was properly sustained. Section 497 of the Code of Civil Procedure provides:

" * * * If a demurrer to a complaint is allowed, because two or more causes of action have been improperly united, the court may, in its discretion, and upon such terms as are just, direct that the action be divided into as many actions as are necessary for the proper determination of the causes of action therein stated."

The interlocutory judgment appealed from should be reversed, and the demurrer sustained, with costs and disbursements to the appellant, with leave to the plaintiff upon payment thereof and within 20 days to serve an amended complaint, or to move that the action be divided, as he may be advised. Order filed.

McLAUGHLIN, SCOTT, and SMITH, JJ., concur. INGRAHAM, P. J., concurs in result.