HOUGH v. SOCIÉTÉ ELECTRIQUE WESTINGHOUSE DE RUSSIE et al.

(District Court, S. D. New York. April 26, 1916.)

1. REMOVAL OF CAUSES ☞61—SEPARABLE CONTROVERSIES—How DETERMINED.
     Whether an action against two defendants is separable, so as to entitle one defendant, who is a nonresident, to remove the cause against him, must be determined from the allegations of the plaintiff's pleading; but the legal effect of the facts alleged is to be determined by the court, and not by the plaintiff.
     [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. ☞61.]

2. REMOVAL OF CAUSES ☞49(2)—SEPARABLE CONTROVERSIES.
     The liability of a corporation for breach of a contract, and of a liquidator subsequently appointed for the corporation, if the latter liability exists by reason of his acceptance of the appointment and assets, are several, and not joint, and although, under the statutes of the state, a single action may be maintained against both, the controversies with the two defendants may be fully determined separately, and the cause is removable by the corporation, not being a citizen of the same state as plaintiff, under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010).
     [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 96; Dec. Dig. ☞49(2).]

At Law. Action by David L. Hough against the Société Electrique Westinghouse de Russie and Robert D. McCarter, as liquidator of said Société Electrique Westinghouse de Russie. On motion to remand to state court, and on motion to dismiss as to the corporation. Motion to remand granted as to the liquidator, and denied as to the corporation. Motion to dismiss granted.

See, also, 231 Fed. 341.

Daly, Hoyt & Mason, of New York City, for plaintiff.
Cravath & Henderson, of New York City, for defendant.

LEARNED HAND, District Judge. When this case was originally argued, the question was whether the plaintiff could have any cause of action against the liquidator. The defendants said that the liquidator was so clearly not liable that no one could have sued him, except

in a fraudulent effort to prevent removal to this court. The point was not presented, or at least not argued, that, granting the plaintiff had a possible cause of action against the liquidator, he must have known that he could not, under the New York Code, § 484, join him in the same action with the cause of action against the corporation.

[1] It is the purpose of this reargument to present the last question, but before I come to it I think it essential to consider a point not raised by the defendants at all. The point is whether the controversies are not in their nature separable under the authorities, and whether, therefore, the corporation may not remove the cause alone, even though the New York Code might allow the causes of action to be joined in one complaint and tried together. The question whether the controversies are separable depends altogether upon the way the plaintiff has laid his action. Louisville & Nashville Ry. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Powers v. Ches. & O. Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Louisville & Nashville Ry. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 474. Indeed, so much is the joinder within the power of the plaintiff that it was said in Alabama So. Ry. v. Thompson, 200 U. S. 206, 215, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, that the fact of an apparent misjoinder upon the face of the complaint was not decisive of the right of the nonresident defendant to remove. In the case at bar the question must therefore be determined altogether by the allegations of the complaint, unless the good faith of the plaintiff come in question.

The matter arises in two aspects: First, whether the obligations alleged are joint; second, whether, if several, they may be "fully determined" separately, as required in section 28 of the Judicial Code. The language in Alabama So. Ry. v. Thompson, supra, cannot, I think, mean that, where the plaintiff has alleged facts which under the state law would clearly create several obligations which could be separably tried, he may prevent removal by saying that he believes them to create joint obligations. Such a doctrine would make the removal depend upon what theory of law the plaintiff might honestly assert, and would leave the court nothing to do but ascertain how far his legal aberrations might actually carry him. The allegations of the complaint must be the test, but the court must decide whether they create controversies which are separable or inseparable, regardless of the plaintiff's belief. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122.

[2] Judged by any such objective standard, the obligations asserted are several, and the controversies separable. That the obligations are not joint, but several, appears from inspection. The obligation of the corporation arose first, and by the breach of a contract; the obligation of the liquidator arose later, and by his acceptance of his appointment and of the assets. Only two possible theories occur to me: Either the liquidator succeeded to the obligations of the corporation, like an executor to those of his decedent, or winding-up trustees to those of dissolved corporations; or the liquidator assumed the corporate obligations, to the extent of the assets, the corporation still remaining

liable as before. In neither case can we suppose the obligations were joint, since they arose at separate times, and by separate acts of the defendants. In cases like Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730, 29 L. Ed. 899; Pirie v. Tiedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; and C. B. & Q. Ry. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521, where the question arises whether a joint tort creates a joint liability, the courts have found a good deal of difficulty between the conflicting theories, and have in the end agreed to say that the liability is joint, including cases of the master's and servant's liabilities for the servant's negligent act. In cases of contract, even so unusual as this, I think there is no such difficulty, unless the test be what legal construction the plaintiff may honestly put upon the facts.

Assuming, as I must, therefore, that these purely legal obligations are several, and not joint, there is nothing which prevents their being "fully determined" separately, because each would terminate with a money·judgment and execution. Certainly they could have been sued upon separately, had the plaintiff chosen; indeed, in New York it would seem that they must have been. Leszynsky v. Levinsohn, 170 App. Div. 514, 156 N. Y. Supp. 494. Unless the plaintiff had a joint obligation on which to sue, he could not, therefore, insist upon a joint disposition of the two controversies.

Therefore the removal by the corporation was good, and that by the liquidator was bad. Hence the action against the liquidator will be remanded as before, and the motion will be denied as to the corporation. The motion to dismiss as against the corporation is granted; that against the liquidator dismissed for lack of jurisdiction.