GEORGE H. REPPERT and MARY REPPERT HYDE, Appellants,
Respondents, *v.* MARY EVA GRIER HUNTER, Individually
and as Trustee of the JAMES S. PATTERSON and MARGARET
M. PATTERSON FUND, Respondent, Appellant.

Fourth Department, November 14, 1917.

**Practice — action to establish trust in securities alleged to have
been transferred to defendant — when prior decree of surrogate
not res adjudicata — motion for judgment upon pleadings under
Code of Civil Procedure, section 547 — severance of action.**

Where, in a suit to have it adjudged that certain securities were transferred
and delivered to the defendant in trust to apply the income to the support
of certain persons including the plaintiffs, the defendant alleges that the
transfer was an executed gift, and further, by supplemental answer, that
in a proceeding in the Surrogate's Court for the judicial settlement of
her accounts as executrix of one of the alleged donors, in which the
plaintiffs were parties, it was adjudged that said securities were gifts
to her by the testator and his wife, and the plaintiff served a reply to
said supplemental answer in substance admitting the decision of the
Surrogate's Court, but alleging that the surrogate had no jurisdiction
to determine the question, as respects the securities transferred by the
testator, and that the executrix of the wife of the testator was not a
party to the proceeding in the Surrogate's Court, and thereafter the
defendant moved for judgment on the pleadings under section 547 of
the Code of Civil Procedure, it was proper for the Special Term to hold
that the decree of the surrogate was not *res adjudicata* as to the property
transferred by the wife of the testator, and it should then have denied
the motion for judgment upon the pleadings instead of granting it in
part and undertaking to sever the action.

A defendant is not entitled to judgment under section 547 of the Code of
Civil Procedure if the complaint entitles the plaintiff to any relief, legal
or equitable.

The Special Term was without authority to direct a severance of the action
as this was not a case provided for by the Code of Civil Procedure.

CROSS-APPEALS by the plaintiffs, George H. Reppert and
another, and by the defendant, Mary Eva Grier Hunter,
individually and as trustee, from a judgment of the Supreme
Court, entered in the office of the clerk of the county of Erie
on the 7th day of May, 1917, and also from an order entered
in said clerk's office on the same day severing this action into
two actions and directing judgment in favor of defendant
as to part of the cause of action alleged in the complaint.

The judgment appealed from was rendered pursuant to the order.

*Edward C. Randall [Benjamin S. Dean* of counsel], for the plaintiffs.

*Kenefick, Cooke, Mitchell & Bass [James McCormick Mitchell* of counsel], for the defendant.

FOOTE, J.:

By the complaint plaintiffs seek to have it adjudged that certain shares of the capital stock of the Empire Worsted Mills and certain bonds and promissory notes of that company and of other persons, and certain shares of stock in the Union Trust Company assigned to the defendant on January 10, 1899, by James S. Patterson and Margaret M. Patterson, both since deceased, were transferred and delivered to the defendant in trust to apply the income to the support of certain persons, including the plaintiffs, during the life of the defendant, and upon her death that the principal should be divided equally between the plaintiffs, share and share alike.

By her answer the defendant has, among other things, pleaded that the transfer of said securities to her was not made in trust for any purpose, but was an executed gift to her, and further, by supplemental answer, that in a proceeding for the judicial settlement of the accounts of the defendant as executrix of the last will and testament of James S. Patterson, deceased, which was had since this action was begun, in which proceeding the plaintiffs intervened and became parties, it was, among other things, adjudged and determined that said stocks and securities were not transferred to the defendant in trust for the plaintiffs, or upon any trust whatever, but were gifts to her by said James S. Patterson and Margaret M. Patterson and became and were her individual property.

It does not appear from any allegation of the complaint or the answer or supplemental answer as to which of the stocks and securities so assigned was the property of James S. Patterson and which was the property of Margaret M. Patterson.

By order of the court the plaintiffs served a reply to said

supplemental answer, in substance admitting the said decision and decree of the Surrogate's Court, but alleging that the surrogate had no jurisdiction to determine that question as against the plaintiffs, and denying that the plaintiffs are estopped thereby, or that the same is *res adjudicata* as respects the shares and securities so transferred by James S. Patterson, and alleging that 172 of the 576 shares of the Empire Worsted Mills and $12,000 of the bonds of said company so transferred were the property of said Margaret M. Patterson, and that the executrix of the estate of said Margaret M. Patterson was not a party to the proceeding in the Surrogate's Court and not concluded thereby.

After the service of this reply defendant moved for judgment upon the pleadings under section 547 of the Code.

The Special Term has disposed of that motion by deciding that the decree of the Surrogate's Court is *res adjudicata* as respects the stocks and securities which were transferred by James S. Patterson, but not so as to those transferred by Margaret M. Patterson, and by the order appealed from has directed that the action be severed and judgment entered in favor of the defendant dismissing the plaintiffs' complaint as to all the property received by the defendant from James S. Patterson and alleged to have been delivered to the defendant in trust, and directing that the action be continued as to all the property received by the defendant from Margaret M. Patterson and alleged to have been delivered to the defendant in trust, with like effect as if the action had originally been brought to establish a trust solely in respect to that property. Such a judgment has been entered, and plaintiffs appeal both from the order and the judgment, while defendant appeals from the order on the ground that she was entitled to judgment in her favor on the pleadings as to the property transferred to her by Margaret M. Patterson as well.

We are of opinion that the Special Term was right in holding that the decree of the surrogate which was affirmed by this court (*Matter of Hunter,* 170 App. Div. 934), is not *res adjudicata* as to the property transferred by Margaret M. Patterson, but we are also of the opinion that when the Special Term reached that conclusion it should have denied

the motion for judgment upon the pleadings, instead of granting it in part and undertaking to sever the action. The transfer of the securities was made by one instrument in writing signed by both James S. Patterson and Margaret M. Patterson. It names the securities transferred, but does not indicate which are owned by James S. Patterson and which by Margaret, his wife, nor could the Special Term determine from the pleadings which of the securities were owned by either. The allegation upon that subject contained in plaintiffs' reply to the supplemental answer, even if it concludes the plaintiffs upon that subject, certainly does not conclude the defendant, and it is impossible to say upon the judgment record which or how many of these stocks and securities have now been adjudged to belong to the defendant.

Upon a motion for judgment under section 547 of the Code of Civil Procedure, the defendant is not entitled to judgment if the complaint entitles the plaintiff to any relief legal or equitable. (*Clark* v. *Levy,* 130 App. Div. 389.) Moreover, the Special Term was without authority to direct a severance of the action. Twelve different sections of the Code of Civil Procedure make specific provisions for the severance of actions, and they are, as we think, intended to provide for all cases where that may be done. (*Neun* v. *Bacon Co.,* 137 App. Div. 397.) None of them provides for such a case as this.

The order and judgment appealed from must be reversed, with costs of this appeal to the plaintiffs, and the motion for judgment upon the pleadings denied, with ten dollars costs.

All concurred.

Judgment and order reversed, with costs of this appeal to the plaintiffs, and motion for judgment upon the pleadings denied, with ten dollars costs.