**LUCANIA SOCIETA ITALIANA DI NAVI-GAZIONE v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.**

(District Court, S. D. New York. February 1, 1923.)

I. Removal of causes ⬦➡49(2)—Causes of action in favor of broker against shipbuilding company and United States Shipping Board Emergency Fleet Corporation held improperly joined, as to right of removal.

Causes of action in favor of foreign corporation, employed as broker to negotiate contracts for construction of ships, against shipbuilding company and United States Shipping Board Emergency Fleet Corporation, which had requisitioned ships and agreed to save shipbuilding company harmless from claims of brokers, held improperly joined, under New York Code of Civil Procedure, as affecting right of Fleet Corporation to remove cause to federal court.

2. Removal of causes ⬦➡49(2)—Alien corporation's action against shipbuilding company and Emergency Fleet Corporation held to present separable controversy as to Fleet Corporation.

Alien corporation's action for commissions against shipbuilding company and United States Shipping Board Emergency Fleet Corporation, which had requisitioned ships and agreed to hold shipbuilding company harmless from claims of brokers, held to present separable controversy as to Fleet Corporation, entitling it to removal, under Judicial Code, § 28 (Comp. St. § 1010).

3. Removal of causes ⬦➡27.

Action by alien corporation against shipbuilding company and United States Shipping Board Emergency Fleet Corporation held not "between citizens of different states," within Judicial Code, § 28, sentence 3 (Comp. St. § 1010).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen.]

At Law. Action by the Lucania Societa Italiana Di Navigazione against the United States Shipping Board Emergency Fleet Corporation and the Standard Shipbuilding Company. On motion of plaintiff to remand, after removal to federal court by first-named defendant. Motion denied.

Henry Woog, of New York City, for motion to remand.

William Hayward, U. S. Atty., of New York City (Chauncey G. Parker, Henry M. Ward, and Benn Barber, all of New York City, of counsel), opposed.

AUGUSTUS N. HAND, District Judge. This action was brought in the Supreme Court for the state of New York, New York county, against the Standard Shipbuilding Company and the United States Shipping Board Emergency Fleet Corporation, which will be designated herein as the Shipbuilding Company and the Fleet Corporation.

The complaint alleges that the plaintiff corporation was employed as a broker by the Shipbuilding Company in negotiating contracts for the construction of certain vessels, for which the Shipbuilding Company agreed to pay the plaintiff a commission of 3 per cent., payable when payments were received by the defendant Shipbuilding Company from the contractor who was to build the vessels. Thereafter, while the construction of the hulls was in progress, the United States government, through the Fleet Corporation, requisitioned the steamships. The Fleet Corporation thereafter contracted with the Shipbuilding Company to save the Shipbuilding Company harmless from the claims of the brokers and hold out the amount of unpaid commissions which were allowed as an item of cost to be paid by the Fleet Corporation to the Shipbuilding Company.

[1, 2] The causes of action to recover for the commissions against the Shipbuilding Company, and to recover against the Fleet Corporation on the ground that it had by its contract to save harmless the Shipbuilding Company assumed the obligation of the latter, are separate causes of action, which at common law certainly could not be joined. They also could not be joined under the New York Code of Civil Procedure (Leszynsky v. Levinsohn, 170 App. Div. 514, 156 N. Y. S. 494) even if they can now be joined under the New York practice by virtue of section 211 of the New York Civil Practice Act, which provides that "all persons may be joined as defendants against whom the right to any relief is alleged to exist."

The Shipbuilding Company was not an indispensable party to an action against the Fleet Corporation. The Fleet Corporation removed the cause of action against them to this court, on the ground that it was a separable cause of action, and the validity of this removal is challenged by this motion to remand.

Section 28 of the Judicial Code (Comp. St. § 1010] provides at sentence 3, that: " * * * When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

[3] This is not a "controversy which is wholly between citizens of different states," because the plaintiff here is an alien corporation, so that sentence 3 does not govern; but where the causes of action against the defendants are not joint, but are several, and one of the defendants is an entirely unnecessary party, I can see no reason for preventing removal by the joinder of such unnecessary defendant. This was distinctly held in the case of Iowa Lillooet Gold Mining Co. v. Bliss (C. C.) 144 F. 446, and also by Judge Van Fleet in the case of State Improvement-Development Co. v. Leininger (D. C.) 226 F. 884. It is true that in the first case the other defendant was held to be an improper as well as an unnecessary party to sustain the cause of action against the removing defendant, and the same thing was held by Judge Van Fleet in the last-mentioned case. In the case of Hough v. Société Electrique Westinghouse de Russie (D. C.) 231 F. 341, and 232 F. 635, the same result was reached.

The cases cited in opposition are mainly directed at attempts of one defendant to secure a removal, where there was a joint as well as several liability. The court in Compania Minera y Compradora v. American Metal Co. (D. C.) 262 F. 183, attempts to distinguish the case of Iowa Lillooet Gold Mining Co. v. Bliss, supra, upon the ground that "Bliss in that case was held to be neither a proper nor a necessary party, and was therefore misjoined. In this case, the alien defendant, as we have seen, was a proper party, against which the plaintiff sets up a cause of action properly joined and necessary to afford full relief to the plaintiff."

It has been argued that such a decision as I am rendering makes sentence 3 of sec-

tion 28 of the Judicial Code unnecessary and practically meaningless. That, however, does not seem to be so. Sentence 3 relates to a controversy wholly between citizens of different states arising in a suit. In such a case, if the situation falls within the terms of the statute, the whole suit is removable upon the application of one of the defendants "actually interested in such controversy."

In the present case causes of action bearing no necessary connection are asserted by the plaintiff against different defendants. Under such circumstances each cause of action may be treated independently, and the defendant or defendants in one, who could secure a removal if the other party had not been joined, may still do so.

The motion to remand is denied.