## FRANKENSTEIN v. ANACONDA COPPER MINING CO. et al.

District Court, S. D. New York.
April 10, 1934.

Guggenheimer, Strasser & Meyer, of New York City (Charles H. Meyer and Ira D. Wallach, both of New York City, of counsel), for plaintiff.

Johnson & Shores, of New York City (Charles Dickerman Williams, of New York City, of counsel), for defendant Nettie G. Ryan.

WOOLSEY, District Judge.

The motion to remand is denied.

I. The controversy between the plaintiff and Mrs. Nettie G. Ryan, the remov- ing defendant (and her coexecutor John C. Ryan), is in my opinion a controversy which is separable from the controversy between the plaintiff and the other defendants. Indeed, taking as I must the real gravamen of action as a test, Genuine Panama Hat Works, Inc. v. Webb (D. C.) 36 F.(2d) 265, 267; Hough v. Societe Electrique Westinghouse de Russie (D. C.) 232 F. 635, 636, Mrs. Ryan is not charged in the complaint with original liability as a joint tort-feasor but with derivative liability, under section 120 of New York Decedent Estate Law, for a joint tortfeasor, a liability limited in any event to the estate received by her as executrix. Cf. Hough v. Societe Electrique Westinghouse de Russie (D. C.) 232 F. 635. 636; Seaman v. Slater (C. C.) 18 F. 485; German American Coffee Company v. O'Neil, 102 Misc. 165, 167, 169–170, 169 N. Y. S. 421.

II. The gravamen of the complaint here is a somewhat complicated conspiracy in which the removing defendants' decedent, John D. Ryan, an officer of the Anaconda Company, is alleged to have participated in breach of his fiduciary relationship to the company, with resultant profits to himself and his fellow conspirators and damage to the company.

The complaint prays for an accounting of profits and for damages as well.

In the case of Del Fungo Giera v. Rockland Light & Power Co. (D. C.) 46 F.(2d) 552, relied on by the plaintiff here, there was alleged a continuing conspiracy of which the removing defendant himself was a part and against which, as a joint tort, injunctive relief was sought.

The situation in Wile v. Burns Brothers et al. (D. C.) 2 F. Supp. 950, was similar.

I do not think either of these cases apply here.

Admittedly a very nice question is involved in the instant case, but I think the removing defendant has successfully shown the right to remain in this jurisdiction which she undoubtedly has in a proper case.

Settle order on notice.