EBER BROS. WINE & LIQUOR CORPORATION v. FIREMEN'S INS. CO. OF NEWARK et al.

District Court, S. D. New York.
Sept. 11, 1939.

Max J. Gwertzman, of New York City, for plaintiff.

Hill, Rivkins & Middleton, of New York City (Barton P. Ferris, of New York City, of counsel), for defendant Firemen's Ins. Co. of Newark.

CLANCY, District Judge.

Defendant insurance company moves to remand this action to the State Court where it was initiated. Plaintiff and defendant, Louis C. Hock & Son Company, Inc., are residents of New York. Defendant, Firemen's Insurance Company of Newark, is a resident of New Jersey. Plaintiff owned a truckload of liquors which was destroyed by fire. It recovered judgment for $6,388.75 against the truck owner and it remains uncollectible. The complaint alleges two causes of action; one against the insurance company on a policy covering such loss and a second against the defendant, Louis C. Hock & Son Company, Inc., alleged to be general agents of the defendant, Firemen's Insurance Company of Newark, for false representations that the insurance company had issued such a policy. Judgment is asked against both for the amount of the judgment that has determined such loss. The plaintiff's claims are apparently alternative to and exclusive of each other. Either there was issued a policy to cover the loss in which case the insurance company is said to be liable or there was none in which case the insurance company's general agent are said to be liable for falsely stating that there was. There is an amended complaint which we may not consider since it was served after the petition for removal was filed. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. The cause of action as against the defendant insurance company is a separable controversy—indeed, the plaintiff has set it up separately in its complaint. This controversy was properly removed to and must stay in this Court. 28 U.S.C.A. § 71. It follows that the entire suit was properly removed and remand must be denied. City of Gainesville v. Brown-Crummer Co., 277 U.S. 54, 48 S.Ct. 454,

72 L.Ed. 781. The statute is clear, especially in view of its history, and the Supreme Court has uniformly sustained it. It has been said that in this circuit only the removable cause is retained when two are separately stated but we cannot find authority to sustain that theory. In Tillman v. Russo Asiatic Bank, 2 Cir., 51 F.2d 1023, 80 A.L.R. 1368, two causes of action on two different instruments were mechanically united in one complaint. The Court sent one back where the citizenship of the assignor of the instrument sued on was uncertain. There was no relation whatever between the subject matter of the first and of the second causes of action. The second cause was a wholly distinct suit in everything but parties. In Hammer v. British Type Investors, D.C., 15 F.Supp. 497, the cause of one of many plaintiffs with like but wholly distinct causes of action was retained and the others remanded.

The nature of the demands stated in the two causes of action in the complaint before me gives them such a substantial unity of purpose as to constitute them one suit that was properly removed.