### CURACAO TRADING CO., Inc., v. FEDERAL INS. CO. et al.

District Court, S. D. New York.

April 8, 1941.

Gustave Simons, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, of New York City, of counsel), for defendant Federal Ins. Co.

COXE, District Judge.

This is a motion by the plaintiff to remand the action to the State Court.

The plaintiff is a corporation of the Kingdom of the Netherlands. The defendant Federal Insurance Company (hereinafter referred to as "Federal") is a New Jersey corporation. The defendant William Stake & Company, Inc. (hereinafter referred to as "Stake") is a New York corporation.

The action is on a policy of marine cargo insurance, and was originally commenced in the New York Supreme Court, New York County. The complaint demands judgment for $109,674.13 "against defendant Federal "Insurance Company, or, in

the alternative, against "William Stake & Company, Inc."

The defendant Federal removed to this court "the separate controversy" between it and the plaintiff on the ground that it was a suit "between citizens of a State and foreign States, citizens, or subjects", 28 U.S.C.A. § 41(1), and, therefore, removable under the second sentence of 28 U.S.C.A. § 71. The removal petition alleges that the "controversy" between the plaintiff and the defendant Federal is "separate and distinct from, and not a part of, the controversy" between the plaintiff and the defendant Stake, and that the defendant Stake "is not a necessary party thereto".

The principal contention of the plaintiff in support of the motion is that the cause of action against the defendant Federal is not a separate suit, and therefore not removable under the second sentence of 28 U.S.C.A. § 71.

The insurance policy on which the action is brought is an open policy, dated July 31, 1935, issued by the defendant Federal to the plaintiff. A copy is attached to the complaint. By its terms, the policy covers coffee, cocoa, etc. and insures "against physical loss from any external cause, including nondelivery * * *". There is a provision requiring the assured to report and declare the amount of all risks promptly. One of the typewritten clauses reads:

"It is a condition of this policy that William Stake & Co. Inc. are the assured's brokers and agents and that the policy shall be continuous. * * *"

By another typewritten provision, the policy is extended "to cover cocoa * * *, the property of the assured * * * while temporarily detained anywhere within the limits of the United States * * * in stores or warehouses" against the risks of fire, lightning, etc.

The complaint alleges that on April 3, 1939, the plaintiff loaned to Garcia Sugars Corporation $90,500 against the security of three negotiable warehouse receipts issued by Harbor Stores Corporation, a public warehouse, purporting to cover 18,480 bags of cocoa beans; that the funds needed to make this loan were in turn borrowed by the plaintiff from Grace National Bank; and that before making the loan the plaintiff examined and checked certain bags of cocoa beans in the warehouse of Harbor Stores Corporation and ascertained that cocoa beans corresponding to the descrip-tion contained in the warehouse receipts were there.

It is then alleged that the plaintiff had over a period of many years placed large amounts of insurance through the defendant Stake; that before making the loan to Garcia Sugars Corporation the plaintiff consulted the defendant Stake and "informed Stake that it desired to secure insurance protection against every possible risk in the premises"; and that on April 3, 1939, the defendant Federal issued to the plaintiff a certificate of insurance, a copy of which is attached to the complaint. This certificate certifies that the defendant Federal has insured for the plaintiff, under the open policy above referred to, 18,480 bags of cocoa beans, located at Harbor Stores Corporation, loss, if any, payable to Grace National Bank or to the plaintiff as interest may appear. The certificate bears the countersignature of the defendant Stake.

It is further alleged "that the defendant Stake, on its own behalf and on behalf of the defendant Federal", warranted to the plaintiff that the insurance fully covered the plaintiff against "any and all risks relating to the delivery of cocoa to the plaintiff in accordance with the warehouse receipts", including "non-delivery, for any reason", and "dishonesty on the part of the warehouseman"; also, that the defendant Federal authorized the defendant Stake to make these warranties "on behalf of defendant Federal as well as on behalf of defendant Stake".

The remaining allegations, in so far as pertinent to the motion, are that Garcia Sugars Corporation became insolvent on May 24, 1939; that demand was thereupon made on Harbor Stores Corporation for the delivery of the bags of cocoa beans described in the warehouse receipts and refused; that thereafter Harbor Stores Corporation became bankrupt, and the plaintiff's petition in the bankruptcy proceedings for the reclamation of the cocoa was dismissed; and that the defendant Federal has refused to recognize any liability to the plaintiff under the policy and certificate. The concluding paragraph of the complaint reads:

"That if defendant Federal is not liable to the plaintiff in the sum of $109,674.13, then defendant Stake is liable to the plaintiff in said amount".

It will be seen from this summary of the complaint that the plaintiff is asserting two separate and distinct causes of action,

848

one against the defendant Federal, and the other against the defendant Stake. The cause of action against the defendant Federal is on the open policy and its accompanying certificate; that against the defendant Stake is on the alleged "warranties". There is no allegation in the complaint that the defendants are jointly liable, but rather that "if the defendant Federal is not liable * * * then the defendant Stake is liable". The prayer is for alternative relief.

The plaintiff insists that the allegations with respect to the "warranties" make out a case of joint liability against the defendants. I do not think this contention is sound. The complaint alleges that the "warranties" were made by the defendant Stake "on behalf of the defendant Federal", and that the defendant Federal "authorized" the defendant Stake to make them. All that this means is that the defendant Stake made the "warranties" as the authorized agent of the defendant Federal. Clearly, if that should be proved, the defendant Stake would not be liable. See Genuine Panama Hat Works v. Webb, D. C., 36 F.2d 265. If, on the other hand, it should be proved that the defendant Stake made the warranties "on its own behalf", the defendant Federal would not be liable on them. In neither case would there be any joint liability.

The question then is whether the separate cause of action against the defendant Federal is removable. The second sentence of 28 U.S.C.A. § 71 permits the removal of "any suit of a civil nature * * * of which the district courts * * * are given jurisdiction". Under 28 U.S.C.A. § 41(1) the district courts are given jurisdiction "Of all suits of a civil nature * * * where the matter in controversy * * * is between citizens of a State and foreign States, citizens, or subjects".

I think the separate cause of action against the defendant Federal is a "suit of a civil nature" within these provisions, and, therefore, removable. Lucania Societa Italiana, etc., v. United States Shipping Board, D.C., 15 F.2d 568; Hough v. Société Electrique, D.C., 232 F. 635; Tillman v. Russo Asiatic Bank, 2 Cir., 51 F.2d 1023, 80 A.L.R. 1368.

The removal of the separate cause of action against the defendant Federal does not bring over the entire action under the rule of Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514. This results only where the removal is under the "separable controversy" sentence on the ground that there is controversy "wholly between citizens of different States". 28 U.S.C.A. § 71. The removal in the present case was not under this sentence, and the rule of Barney v. Latham has, therefore, no application. Tillman v. Russo Asiatic Bank, 2 Cir., 51 F.2d 1023, 80 A.L.R. 1368. The case of Eber Bros. v. Firemen's Ins. Co., D.C., 29 F.Supp. 772, cited by the plaintiff, arose under the "separable controversy" sentence, and has no bearing on the question presented by the motion.

The motion of the plaintiff to remand is denied.