**CURACAO TRADING CO., Inc., v. FEDERAL INS. CO. et al.**

District Court, S. D. New York.

March 4, 1942.

266

Gustave Simons, of New York City (Theodore E. Wolcott, of New York City, of counsel), for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, of New York City, of counsel), for defendant Federal Ins. Co.

RIFKIND, District Judge.

In 1940 plaintiff commenced an action in the New York Supreme Court against Federal Insurance Company and William Stake & Co., Inc. (hereinafter referred to as "Federal" and "Stake" respectively). The action, in so far as it affected Federal, was removed to this Court. Stake did not petition for removal.

Finding its action against Federal and Stake thus split into two, plaintiff has made several attempts to bring about its reunion. First, it made an application to this Court for an order to remand the removed action or, in the alternative, for an adjudication

that the entire action against both defendants had been removed to this Court. The application was denied in its entirety, 1941, 40 F.Supp. 846.

Second, it applied to this Court for leave to add Stake as a party defendant to the removed action and for the issuance of a summons for that purpose. That application was likewise denied by Judge Coxe on January 24, 1942.

Having failed to reconstitute its action as one against both defendants by applications to the court, plaintiff resorted to a species of self-help. It applied to the clerk of the court for a summons to be served on Stake without informing the clerk of the prior orders of this Court and without disclosing to the clerk that Stake's name was in the title of the action simply because the entire state court record had been certified to this Court on the removal of the action as against Federal. The clerk issued the summons and it has been served on Stake.

Defendant Federal moves to quash the summons so issued and served, to amend the title of the action by striking therefrom the name of Stake and to hold plaintiff and its attorney in contempt of court.

Plaintiff seeks to justify its conduct by showing that the action against Stake in the New York Supreme Court has been discontinued and that another action against Stake, instituted by plaintiff in this Court, has been dismissed for the insufficiency of the complaint. The strongest argument that can be built upon these facts is that a different disposition of an application for leave to add Stake as a party defendant than was made by Judge Coxe upon the prior application, is now appropriate. Be that as it may, no such application has in fact been made by plaintiff. The balance of plaintiff's contention sums up to no more than that we must treat Stake as a defendant to this action because its name appears in the title of the record certified by the state court. To reach this conclusion in the face of the express adjudication of this Court to the contrary (40 F. Supp. 846) is destructive of orderly administration of litigation.

Plaintiff's remedy is specified in Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The rule permits the addition of parties by order of the court "on such terms as are just". The procurement of the summons

by plaintiff in the manner described is an obvious attempt to circumvent the judicial scrutiny which the rule prescribes.

Plaintiff also challenges Federal's status to make the motion. It asserts that only Stake can attack the regularity of the service of the summons upon it. This argument misconceives the nature of defendant's application. Had plaintiff proceeded under Rule 21, surely Federal would have standing to object to its application or to be heard as to the terms which should be imposed as a condition of granting the application. It would be strange if plaintiff could stifle Federal's objections by the simple device of disregarding the rule. No such incongruous result can derive from the Federal Rules of Civil Procedure.

The motions to vacate the summons and to amend the title of the action are granted. The motion to hold plaintiff and its attorney in contempt is denied. Settle order on notice.